appellee.

## 34762. MADDOX v. SEAY.

PER CURIAM.

We granted Maddox's application to review an order denying his habeas corpus petition. Represented by retained counsel, he was convicted by a jury of rape in Baldwin Superior Court. He was sentenced to life imprisonment. New counsel was retained to file a motion for new trial, and following its denial, to pursue the direct appeal. We affirmed in *Maddox v. State,* 239 Ga. 846 (239 SE2d 29) (1977). A habeas corpus petition was filed by additional counsel retained for that purpose in June, 1978. Hearings on that petition were held July 26, 1978, and October 18, 1978, and a final order denying the petition was entered on December 12, 1978. We granted the application to appeal on February 14, 1979. Maddox argues five enumerations of error: (1) trial counsel was ineffective in that she failed to pursue a Brady motion, leaving undiscovered exculpatory evidence in the hands of the district attorney; (2) the district attorney knew before trial of the existence of this and other evidence favorable to the accused and failed to disclose it; (3) counsel on motion for new trial and direct appeal was ineffective; (4) the trial judge was aware of a "rumor" that Maddox had recently been convicted of a similar crime at the time of sentencing and did not disclose this information to him or to his counsel; and (5) Ga. L. 1975, pp. 1143-1146; Code Ann. § 50-127 (7) (a) (b) and (c) is unconstitutional because it specifically permits ex parte affidavits to be used to resolve issues of disputed fact, thus denying Maddox of the right of confrontation and due process. We affirm.

1. There is no merit to appellant's contention that trial counsel was ineffective because she did not file a Brady motion to secure a photograph of the crime scene. Brady v. Maryland, 373 U. S. 83 (1963); Moore v. Illinois, 408 U. S. 786 (1972). The photograph, taken some two hours after the attack, shows the bed upon which the victim stated the attack occurred, neatly made up. Whether the bed was made up before or after the rape is

not of any significance under the evidence here. Appellant admits the intercourse but says it was consensual. The victim testified it was against her will and was rape, however, there was no great struggle. The evidence fully supports the verdict. The photograph does not raise a reasonable doubt that did not otherwise exist, evaluated in the context of the entire record.[1] United States v. Agurs, 427 U. S. 97 (96 SC 2392) (1976). Also, in view of appellant's testimony that he did have a relationship with the victim, which the evidence showed was on top of the bed covers, there was no duty on the district attorney to reveal, without specific request, that an analysis of the bed linens showed no fluid or other evidence of intercourse under the sheets. Enumerations of error 1 and 2 are without merit.

2. We have reviewed the enumerations of error raised on direct appeal. They attack the sufficiency of the evidence; testimony allegedly placing defendant's character into evidence and the state's use of witnesses in rebuttal who were not disclosed to appellant in response to a demand. We conclude appellant received effective assistance of counsel on appeal. *Alderman v. State,* 241 Ga. 496 (246 SE2d 642) (1978). Enumeration 3 is without merit.

3. It was not error for the trial judge to fail to disclose to appellant or to his counsel that he was aware of a rumor that appellant had been recently convicted of a similar crime in Laurens County before sentencing him. The judge deposed at the habeas hearing that he had heard the

---

[1]At the habeas corpus hearing, appellant introduced the deposition by a juror on the trial of the case, Hunter Bacon, and argued this juror would not have voted for conviction had he seen the picture of the bed. This deposition had no probative value in the habeas corpus hearing. A juror may not impeach his verdict. See Code Ann. § 110-109; *Aguilar v. State,* 240 Ga. 830, 832 (242 SE2d 620) (1978). Further, a review of this juror's testimony shows that he still felt the appellant was correctly convicted but had second thoughts as to the severity of the sentence.

rumor but that he did not consider it when sentencing Maddox to life imprisonment.[2]

4. Georgia Laws 1975, pp. 1143-1146 (Code Ann. § 50-127 (7)(a)(b) and (c)) is not unconstitutional as being a denial of confrontation, denying effective assistance of counsel or due process. *Crawford v. Linahan,* 243 Ga. 161 (253 SE2d 171) (1979). The affidavit complained of was by Joseph Briley, the district attorney at trial. The transcript of the initial habeas hearing shows the parties stipulated that respondent, at the second hearing, could either bring the district attorney to the second habeas corpus hearing on October 18, 1978, *or take his statement.* Briley's sworn affidavit, stating he was not aware of the existence of the photograph of the bed until after the trial ended, was submitted to the court under the stipulation and following the notice requirements set out in § 50-127. Maddox then objected to the introduction of the affidavit and raised the constitutional attack. The habeas corpus court found Briley's statement was true, admitted the affidavit and considered it with all the other evidence in arriving at its decision to deny the habeas corpus petition. There was no error. Code Ann. § 50-127 (7) (a) (b) and (c); *Crawford v. Linahan,* supra.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED APRIL 10, 1979 — DECIDED MAY 31, 1979 —
REHEARING DENIED JUNE 22, 1979.

*Bennett, Pedrick & Bennett, E. Kontz Bennett, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Daryl A.*

---

[2]Code Ann. § 26-2001 permits a sentence of death, life imprisonment or a term not less than one nor more than twenty years upon conviction for rape. Death is no longer available as a punishment for rape where the victim is not killed. *Hughes v. State,* 239 Ga. 393 (236 SE2d 829) (1977), citing Coker v. Georgia, 433 U. S. 584 (97 SC 2861) (1977).

*Robinson, Assistant Attorney General, J. Kenneth Royal,* for appellee.