STATE OF MAINE

KENNEBEC, ss.

DANIEL PEASLEE,

     Petitioner

     v.

STATE OF MAINE,

     Respondent

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-01-163

SKS - Ken - 10/2/3 J

DECISION ON
POST-CONVICTION REVIEW

DONALD L. GARBRECHT
LAW LIBRARY

NOV 5 2002

This matter came on for hearing on the petition of Daniel Peaslee for post-conviction review of his guilty plea on one count of Operating Under the Influence in docket number CR-99-3258, as set forth in the Post-Conviction Assignment Order. Peaslee's only ground for review is his allegation that he received ineffective assistance of counsel, both from his attorney at the time that he entered his guilty plea and subsequently from appointed counsel on appeal. A testimonial hearing was conducted and the court has also reviewed the transcript of the proceedings pursuant to M.R. Crim. P. 11 and the hearing on a subsequent motion to withdraw that plea. In addition, the parties produced other exhibits which have been reviewed.

As noted, the petitioner claims to have received ineffective assistance of counsel from both his attorney at the time of his plea and from appointed counsel at the time of a later aborted appeal to the Law Court. The test for evaluating ineffective assistance claim has two parts. First set forth in *Lang v. Murch*, 438 A.2d 914, 915 (Me. 1981), the two-part test was subsequently described as follows: first, whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance measurably below what "might be expected by an ordinary fallible attorney;" and

1

second, whether any such ineffective representation "likely deprived the defendant of an otherwise available substantial ground of defense." *Kimball v. State*, 490 A.2d 653, 656 (Me. 1985) (quoting *Lang*, 438 A.2d at 915). The qualifier "measurably" was subsequently deleted as confusing. *State v. Brewer*, 1997 ME 177, ¶¶ 6-7, 699 A.2d 1139, 1144. As applied in a case of entry of a plea, the Law Court has more recently stated:

> These holdings mean that, before the Superior Court could vacate [the petitioner's] conviction, it had to find that (1) the performance of [the petitioner's] attorney fell below that of an ordinary fallible attorney; and (2) there is a reasonable probability that, but for [his] attorney's error, [the petitioner] would not have entered a guilty plea and would have insisted on going to trial.

*Aldus v. State*, 2000 ME 47, ¶¶ 12-15, 748 A.2d 463, 467-468.

In his first claim, the petitioner alleges that the State had insufficient evidence to convict him of the charge of Operating Under the Influence and his attorney should not have allowed him to enter the nolo contendre plea. Of course, the petitioner was personally aware of the potential weakness in the State's case since the Secretary of State Hearing Officer had vacated the administrative suspension of the petitioner's license as the result of the same incident seven months prior to the plea. However, this does not mean that a judicial factfinder would not believe the witness that the Hearing Officer rejected and, if believed, that witness's testimony would have been sufficient with the other evidence to result in a conviction. More important, the nolo plea was part of a package that resulted in a lower sentence for a second O.U.I. which the petitioner does not contest. Under the circumstances, the court does not find that the negotiations conducted by the petitioner's attorney which resulted in the package plea was performance below that which might be expected from an ordinary fallible attorney.

2

The petitioner's second claim concerns his attorney's failure to adequately research what the Secretary of State might do in terms of an administrative suspension of the petitioner's license as the result of the convictions. According to the attorney's testimony, he attempted without luck to call the Secretary of State's office to see how the various judicial and administrative suspensions would be credited. The attorney wanted to do further research on the point but time was of the essence in the sense that if the plea was not presented and accepted on that day, there would be a substantial delay until the matters could be tried. According to the attorney's credible testimony, the petitioner was anxious to proceed and insisted that they go forward with the plea to both charges, despite the fact that he knew there was no guarantee that the suspensions would be counted concurrently. The attorney could have asked for a continuance to do more research, but the petitioner's decision to proceed and chance the Secretary of State's suspension was his own responsibility.

Approximately a month after the petitioner entered his plea, it was found that the Secretary of State's office was taking a different position than the one expected with regard to administrative suspension. On this basis, the petitioner's attorney filed a motion to withdraw the plea agreement and all of the circumstances were explained to the District Court Judge at the hearing on the motion. In ruling on the motion, the District Court Judge stated:

> But you had a lawyer -- but you a had a lawyer, and Mr. Shiro's represented you throughout all of this, and he's done a fine job, and he, at the time of all this, based on the -- both the State's representation, Mr. Shiro's representation, they knew that there may be a problem, they understood that at the time, and that was taken into consideration at the time you made the plea, sir. So, I don't find any new circumstances here or new information -- except that you took a chance and it didn't work out with the Secretary of State -- to set aside the plea, and I don't find that that's sufficient.

3

Hearing Transcript, July 28, 2002, p. 12. This comment by the Judge neatly summarizes the situation, and again the court finds that the petitioner has failed to show that his attorney's performance fell below that of an ordinary fallible attorney either at the time of the plea or the motion to withdraw that plea, especially considering the petitioner's insistence that the plea go forward.

Finally, the petitioner claims that an attorney appointed to represent him on appeal ineffectively assisted him by failing to timely file the notice of appeal. Apparently the petitioner appealed the decision of the District Court Judge denying his motion to withdraw his plea, to the Superior Court. That appeal was denied and it is a subsequent attempted appeal to the Law Court which went awry. The court was asked to take judicial notice of the case file for the Superior Court appeal (Kennebec, AR-00-10). Accordingly to that file, the petitioner represented himself during his Superior Court appeal. The court rejected the appeal in an order dated December 31, 2000, and filed January 4, 2001. According to M.R. App. P. 2 (which had just become effective), the petitioner needed to file a notice of appeal in the Superior Court by January 24. Instead, the petitioner waited until January 16 to file a motion for appointment of counsel on appeal, which was granted on January 19.. There is no evidence as to what efforts the petitioner made to contact the appointed attorney or whether that attorney was even aware of his appointment prior to the time the appeal period expired. What is clear is that the petitioner knew that he wanted to appeal the decision, was familiar with the process since it had been explained to him and he had followed the process in the appeal from the District Court to the Superior Court, and he failed to file the necessary notice of appeal. The petitioner has presented no evidence that his attorney did

4

anything or even knew that he was supposed to do anything which would amount to inadequate assistance of counsel.

For all the reasons stated above, the entry will be:

Petition DENIED.

Dated: October 3, 2002

S. Kirk Studstrup
Justice, Superior Court

DANIEL PEASLEE
  vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2001-00163

## DOCKET RECORD

PL. DOB: 03/20/1963
PL. ATTY: DAVID CROOK                    State's Attorney: DAVID CROOK
          OFFICE OF THE DISTRICT ATTORNEY
          95 STATE STREET
          AUGUSTA ME 04330


Filing Document: PETITION                   Major Case Type: POST CONVICTION REVIEW
Filing Date: 07/03/2001

## Charge(s)

## Docket Events:

07/06/2001 FILING DOCUMENT - PETITION FILED ON 07/03/2001

09/18/2001 POST CONVIC. REVIEW - REVIEW SENT FOR REVIEW ON 09/18/2001

           JUSTICE STUDSTRUP
10/17/2001 POST CONVIC. REVIEW - ASSIGNMENT ASSIGNED TO DOCKET ON 10/05/2001

           POST-CONVICTION ASSIGNMENT ORDER FILED AND INCORPORATED HEREIN BY REFERENCECASE ASSIGNED
           TO REGULAR CRIMINAL DOCKET; TIME LIMITS ESTABLISHED.
11/14/2001 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 11/13/2001

05/13/2002 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 04/01/2002
           JOHN R ATWOOD , JUSTICE
           Attorney:  ROBERT SANDY
           DA:  PAUL RUCHA          Reporter: LAURIE GOULD
           EVIDENTIARY HEARING WILL BE REQUIRED. ONE DAY MAY BE REQUIRED.
05/24/2002 MOTION - MOTION TO CONTINUE FILED BY STATE ON 05/23/2002

           DA:  PAUL RUCHA
           THE STATE'S WITNESS IS UNAVAILABLE AND WILL BE OUT OF STATE THAT DAY.
05/24/2002 MOTION - MOTION TO CONTINUE GRANTED ON 05/23/2002
           S KIRK STUDSTRUP , JUSTICE
           COPY TO PARTIES/COUNSEL
07/16/2002 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 08/12/2002 @ 9:00

           NOTICE TO PARTIES/COUNSEL
10/03/2002 HEARING - EVIDENTIARY HEARING HELD ON 08/12/2002
           S KIRK STUDSTRUP , JUSTICE
           Attorney:  ROBERT SANDY
           DA:  PAUL RUCHA          Reporter: JANETTE COOK
           Defendant Present in Court
10/03/2002 FINDING - DENIED ENTERED BY COURT ON 10/03/2002
           S KIRK STUDSTRUP , JUSTICE
           COPIES OF DECISION HAVE BEEN MAILED THIS DATE TO ROBERT SANDY, ESQ AND THE OFFICE OF THE
           DISTRICT ATTORNEY.

A TRUE COPY
ATTEST: _____
                    Clerk