2000 ME 133

**STATE of Maine**

v.

**Robert WEST.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 27, 2000.

Decided July 12, 2000.

---

Neale T. Adams, District Attorney, Caribou, for State.

Christopher M. Leger, Esq., Kelley Law Offices, Caribou, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

ALEXANDER, J.

[¶ 1] Robert West appeals the order of the Superior Court (Penobscot County,[1] *Mead, C.J.*) revoking his probation for failure to comply with conditions of probation imposed as part of his 1995 sentence for gross sexual assault.[2] As grounds for appeal, West asserts insufficiency of the evidence and ineffective assistance of counsel. Because the appeal is improperly before us as a direct appeal, we must dismiss the appeal.

[¶ 2] Pursuant to 17–A M.R.S.A. § 1207(2) (Supp.1999), one whose probation has been revoked by the Superior Court "may not appeal as of right," but must satisfy the requirements of M.R.Crim. P. 37F, 37G and 37H. Rule 37F provides that the defendant must file a notice of appeal in the Superior Court within 20 days of the entry of the probation revocation order. *See* M.R.Crim. P. 37F(b) & (c). West satisfied this requirement. However, within the next 20 days, the defendant must file with the Law Court a memorandum giving "specific and substantive reasons" why a certificate of probable cause should issue. *See* M.R.Crim. P. 37F(d). West failed to file a timely memorandum seeking a certificate of probable cause. After review, the Law Court may grant a certificate of probable cause, which is a prerequisite to consideration of the appeal on the merits. *See* M.R.Crim. P. 37F(h) & (i). West did not follow the proper procedures for consideration of an appeal of a probation revocation order. Instead, he filed an appellate brief on March 27, 2000. Accordingly, West's appeal is dismissed for failure to

---

1. This case was transferred to Penobscot County for hearing on the revocation motion, following which it was transferred back to Aroostook County.

2. A previous appeal of a probation revocation order was denied. *State v. West,* Mem. 98–53. This appeal involves the fifth and sixth probation revocation proceedings in this case.

comply with the filing requirements of
M.R.Crim. P. 37F.[3]

The entry is:

Appeal dismissed.

---

**3.** Because a court communication may have misled West to brief the action as a direct appeal, we have also reviewed the matter as if it had been properly presented through the certificate of probable cause process. From the record it is apparent that a certificate of probable cause would not have issued. The evidence supporting the revocation of probation is very substantial, and the evidence of any prejudice from any alleged ineffective assistance of counsel is totally lacking, even assuming that the ineffective assistance of counsel issue could have been considered on direct appeal.