2003 ME 58

STATE of Maine

v.

James JAKUBOWSKI

Supreme Judicial Court of Maine.

Argued: Feb. 13, 2003.
Decided: April 24, 2003.

G. Steven Rowe, Attorney General, James M. Cameron, Asst. Attorney General (orally), Augusta, Norman R. Croteau, District Attorney, James Andrews, Asst. Dist. Atty., Farmington, for State.

Ron E. Hoffinan, (orally), Rumford, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] James Jakubowski appeals from orders of the District Court (Rumford) and the Superior Court (Oxford County) (*McElwee, J.*) terminating his participation in the Adult Drug Treatment Court program (drug court). Drug court is not a separate court, but a program within the Superior and District Courts in which heightened judicial attention is given to defendants with substance abuse problems. *See* 4 M.R.S.A. § 421(1) (Supp.2002). We dismiss the appeal.

I.

[¶ 2] Jakubowski pled nolo contendere in December 2000 to sexual abuse of a minor (Class C), 17–A M.R.S.A. § 254 (Supp. 2002), and guilty to five Class D crimes. The Superior Court (Franklin County, *Marden, J.*) sentenced him to four years incarceration, all but one year suspended, and four years probation. He was apparently released in 2001 after completing the unsuspended portion of the sentence. In December 2001, he was arrested for OUI, 29–A M.R.S.A. § 2411 (1996 & Supp.2002), and operating without a license, *id.* § 1251. In January 2002, he was arrested again for OUI and violating a condition of release, 15 M.R.S.A. § 1092 (2003). The State brought two complaints in the District Court (Farmington), the first containing the two January charges and the second containing the two December charges. The first complaint, but not the second one, was transferred to Superior Court on Jakubowski's demand for a jury trial. The State also filed a motion in Superior Court (Franklin County) to revoke Jakubowski's probation. In March, the Superior Court (*McElwee, J.*) ordered Jakubowski referred to drug court for screening. In April, all three cases were transferred to the District Court (Rumford), at Jakubowski's request, so that he could participate in drug court.

[¶ 3] The court held a hearing in April to admit Jakubowski to drug court. He entered into a plea agreement under which the State dismissed the operating without a license charge, and he admitted the probation violation and pled guilty to violating a condition of release and the two OUIs. Sentencing was stayed, with the sentence to depend on Jakubowski's participation in drug court. If he successfully completed drug court, he would receive a partial probation revocation of ninety days and seven days on each of the three new crimes, to be served concurrently, with credit for his time served since January, which meant no additional jail time; his probation would continue but with credit for the time spent in drug court. If he failed to successfully complete drug court, he would receive a full revocation of his probation, i.e., three years imprisonment, and 120 days on the new crimes, to be served concurrently to each other but consecutive to the revocation. Either way he would receive a $600 fine and an eighteen-month license suspension on each OUI. Jakubowski, the State, and the court all signed an "Entry/Bail Contract and Order Admitting Defendant into the Adult Drug Treatment Court" that set drug court-related bail conditions, and Jakubowski was admitted into drug court and released on bail.

[¶ 4] Thereafter, Jakubowski was arrested following an incident in which he consumed a large amount of alcohol and his girlfriend was allegedly raped at knifepoint by his drinking companion. He was not charged with any new offenses. The court held a hearing concluding on July 9, which it termed a "sanction/termination hearing," meaning that the question before it was whether to terminate Jakubowski's participation in drug court or to sanction him with jail time but allow him to remain in drug court. The court made no factual findings about whether Jakubowski had violated the entry/bail conditions. Jakubowski did not dispute that he had violated the conditions by drinking and being in the company of someone who was drinking. The court considered the seriousness of the violation and exercised its discretion to rule that Jakubowski was terminated from drug court. The court did not expressly state that it was revoking Jakubowski's bail. The court immediately proceeded to sentencing and, although stating that it had the latitude to choose a lesser sentence, decided to impose the sentences set forth in the plea agreement for failure to successfully complete drug court. Jakubowski filed a notice of appeal referencing all three docket numbers and stating that he appealed to the Law Court from the order entered on July 9.

II.

■ [¶ 5] Jakubowski complains about the order terminating his participation in drug court but does not discuss the nature of that order or why it is appealable to the Law Court. The State argues that the order Jakubowski has appealed was nothing other than a probation revocation and that this Court should have treated the

appeal as discretionary. *See* M.R.App. P. 19(a). If that is correct, the appeal should be dismissed because Jakubowski did not seek a certificate of probable cause. *State v. West,* 2000 ME 133, ¶ 2, 755 A.2d 517, 517–18.

[¶ 6] There are two problems with the State's position, however. First, the probation revocation proceeding was only one of three matters that brought Jakubowski into drug court. There were also two complaints charging three new crimes (plus one charge that was dismissed). The court's decision to terminate Jakubowski's participation in drug court led immediately to the imposition of sentences for these crimes, with incarceration consecutive to the probation revocation. Jakubowski's appeal challenges the drug court termination which relates to the two new complaints as well as the probation matter.

[¶ 7] Second, at the hearing the court and counsel for Jakubowski and the State treated the decision on whether to terminate him from drug court as separate from, and prior to, the court's imposition of the full probation revocation and new sentences set forth in the plea agreement. On appeal, Jakubowski protests only the decision to terminate him from drug court. He does not seek review of the revocation of his probation or of his three new criminal convictions.[1]

[¶ 8] Title 15 M.R.S.A. § 1105 (2003) authorizes the court to impose participation in drug court as a condition of post-conviction bail. On violation of such a condition the court may, inter alia, revoke bail pursuant to 15 M.R.S.A. § 1099. The standard of proof for finding a violation of post-conviction bail is a preponderance of the evidence, *id.* § 1099(2), and the deci-

---

1. Because Jakubowski pled guilty and never moved to withdraw his pleas, he could not have appealed from the three new convic-

tions. *See State v. Huntley,* 676 A.2d 501, 503 (Me.1996).

sion whether a particular violation justifies revocation is within the discretion of the court. Although the court did not explicitly state it was revoking Jakubowski's bail when it terminated him from drug court, it partially based the termination on the fact that he had admittedly violated the post-conviction bail conditions set forth in the Entry/Bail Contract, as well as on its discretionary determination that the violation was sufficiently serious to warrant termination. As in any other case where the court revokes the post-conviction bail of a defendant who has not been sentenced, the revocation was separate from the subsequent imposition of sentence and entry of judgment. Thus, the order terminating Jakubowski's participation in drug court is appropriately viewed as a revocation of his post-conviction bail.

■ [¶ 9] A revocation of post-conviction bail is not reviewable by the Law Court, either immediately or in an appeal from a subsequent final judgment. Instead, if after revocation a defendant is in custody because the court orders him held without bail, he can appeal the revocation to a single justice of the Supreme Judicial Court pursuant to 15 M.R.S.A. § 1099–A. Jakubowski cannot take advantage of this appeal provision because he was not in custody as a result of the bail revocation— or, if he was, it was only for a matter of minutes, until the imposition of sentence and the revocation of probation. For the same reason, even if the statute were not so limited, any appeal from his bail revocation would be moot. Jakubowski's appeal must therefore be dismissed.

The entry is:

Appeal dismissed.