MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 40
Docket:        Han-13-568
Argued:        April 10, 2015
Decided:       April 21, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

ROBERT E. POWER JR.

PER CURIAM

[¶1]  This appeal is before us based on a certificate of probable cause, issued pursuant to 17-A M.R.S. § 1207(2) (2014) and M.R. App. P. 19(f), authorizing Robert E. Power Jr. to appeal from a judgment entered in the Superior Court (Hancock County, *Cuddy, J.*) revoking his probation and imposing the previously suspended sentence.  The certificate authorized an appeal on the issue of "[w]hether a defendant's due process rights to a neutral and detached decision maker are violated where the presiding judge of the Adult Drug Treatment Court [('Drug Court')] in which the defendant participates adjudicates the defendant's probation revocation."

[¶2]  Power contends that his constitutional right to a neutral and detached decision maker was violated because of the active role the justice assumed and the extensive communications about him the justice engaged in during the course of

2

Drug Court proceedings. Because the trial court apparently applied an incorrect standard of proof in revoking probation, we vacate the judgment without reaching the issues regarding Drug Court processes.

[¶3] In 2009, Power pleaded guilty to unlawful trafficking in scheduled drugs (Class B), 17-A M.R.S. § 1103(1-A)(A) (2014). He was sentenced to the Department of Corrections for eight years, all but three years suspended, and three years of probation upon the completion of his imprisonment. In June 2011, while Power was on probation, Power's probation officer filed a motion for probation revocation, and Power was charged with new criminal conduct—specifically, two counts of unlawful possession of scheduled drugs (Class C), 17-A M.R.S. § 1107-A(1)(B)(1), (1)(B)(4) (2014)—in a separate docket. In September 2011, Power admitted to the probation violation after a hearing. In March 2012, Power pleaded guilty to the new charges, admitted to the probation violation again, and was accepted into Hancock County's Adult Drug Treatment Court program.

[¶4] In September 2013, following an incident in which Power allegedly drove under the influence, hit another car, and left the scene of the accident, Power's probation officer moved to revoke his probation, alleging that Power had committed new criminal conduct and had tested positive for the use of cocaine and opiates in violation of conditions of his probation.

[¶5]   The court held a probation revocation hearing on December 2, 2013. Power objected at the outset to having the justice who was a member of the Drug Court team preside over his probation revocation hearing, arguing that his due process right to a neutral and detached decision maker would be violated.   The justice declined to recuse, and the hearing proceeded.

[¶6]  Setting the standard the court would apply during the hearing, the court stated: "What is before the [c]ourt at this time in the context of a probation revocation matter . . . is whether or not there's probable cause to believe this gentleman has committed a crime."  Neither Power nor the State objected to the use of probable cause as the standard of proof.  After hearing testimony regarding the alleged incident, the court applied the standard it had announced and found a probation violation:

> To conclude other than that there's probable cause . . . that he operated a vehicle to endanger himself and the public, in terms of the probabilities that exist as a burden, and violated the conditions of his release, in particular the probation conditions as well, is from the court's perspective, certainly clear in terms of probabilities, and that's the test that the court weighs and evaluates.

[¶7]   After finding a violation of a condition of probation, the court considered "the penalty that is appropriate to be imposed in terms of [Power's] probation."   In its consideration of the appropriate penalty, the court was authorized to consider the prior admitted violation of probation that, by itself,

4

could have subjected Power to a full revocation of his probation. After hearing arguments from the State and Power, the court granted the motion to revoke Power's probation in full and ordered that Power be remanded to the Department of Corrections to serve the remaining five years of his sentence in the unlawful trafficking matter—less approximately three months for time served—concurrent with a two-and-a-half-year sentence in the 2011 criminal matter. Power was also ordered to pay $800 in fines plus surcharges.

[¶8] "Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." M.R. Crim. P. 52(b).[1]

> For an error or defect to be obvious for purposes of Rule 52(b), there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. If these conditions are met, we will exercise our discretion to notice an unpreserved error only if we also conclude that (4) the error seriously affects the fairness and integrity or public reputation of judicial proceedings.

*State v. Pabon*, 2011 ME 100, ¶ 29, 28 A.3d 1147. Maine's probation revocation statute provides that "the court may revoke [a person's] probation if it finds *by a preponderance of the evidence* that the person on probation committed" a crime for which the person has not yet been convicted. 17-A M.R.S. § 1206(5) (2014) (emphasis added). "Upon a finding of a violation of probation, the court may

---

[1] The Maine Rules of Criminal Procedure have since been superseded in Hancock County by the Maine Rules of Unified Criminal Procedure. *See* M.R.U. Crim. P. 1(e)(1).

vacate all, part or none of the suspension of execution as to imprisonment or fine specified when probation was granted, considering the nature of the violation and the reasons for granting probation." 17-A M.R.S. § 1206(7-A) (2014).

[¶9]  The proper standard of proof at the probation revocation hearing was proof by a preponderance of the evidence.  Constitutional due process protections apply in a probation revocation hearing.  *See State v. James*, 2002 ME 86, ¶ 12, 797 A.2d 732.  The failure to apply the correct standard of proof is error that is plain and that affected Power's substantial rights.

[¶10]  Because we cannot be certain that the court found Power's alleged new criminal conduct by the requisite standard of proof, the error affected the fairness of Power's probation revocation hearing.  Accordingly, we must vacate and remand for a new probation revocation hearing.  We need not address the due process claims in Power's appeal; because the justice who presided in the Drug Court proceedings has retired, the matter will necessarily be heard by another justice on remand.

The entry is:

> Judgment vacated.  Remanded for further proceedings consistent with this opinion.

6

**On the briefs:**

Hunter J. Tzovarras, Esq., Bangor, for appellant Robert E. Power Jr.

William B. Entwisle, Asst. Dist. Atty., Prosecutorial District No. VII, Ellsworth, for appellee State of Maine

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for amicus curiae Maine Association of Criminal Defense Lawyers

**At oral argument:**

Hunter J. Tzovarras, Esq., for appellant Robert E. Power Jr.

Matthew J. Foster, Dist. Atty., Prosecutorial District No. VII, Ellsworth, for appellee State of Maine

Hancock County Superior Court docket number CR-2008-253
FOR CLERK REFERENCE ONLY