MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 9
Docket:      Pen-16-175
Argued:      December 13, 2016
Decided:     January 17, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JONATHAN M. SPINNEY JR.

v.

STATE OF MAINE

GORMAN, J.

[¶1]  The State of Maine appeals from a judgment of the Superior Court (Penobscot County, *Anderson, J.*) granting Jonathan M. Spinney Jr.'s petition for post-conviction review of his expulsion from Adult Drug Treatment Court ("drug court") and the resultant revocation of his probation.  The court concluded that, because the drug court termination hearing was in part a bail revocation hearing, it had authority to grant Spinney's request for post-conviction review and that the drug court termination hearing had not afforded Spinney due process.  We vacate the judgment.

I.  BACKGROUND

[¶2]  On June 4, 2007, Jonathan Spinney pleaded guilty to one count of robbery (Class A), 17-A M.R.S. § 651(1)(C) (2006), in the Superior Court

(Penobscot County), for which the court (*Brodrick, J.*) sentenced him to ten years in prison with all but five years suspended and three years of probation. Between July of 2011 and May of 2012, the State filed three motions to revoke Spinney's probation. He admitted to all three violations, but the court (*A. Murray, J.*) issued no sanctions for the first violation and, on July 17, 2012, the court (*Anderson, J.*) ordered that the decision on what sanctions would be imposed for the second and third would be continued generally. On September 11, 2012, the State filed its fourth motion alleging that Spinney had violated probation, this time by committing a theft and violating bail. That matter—and, apparently, the sanction hearing for the two other pending violations—was set for hearing in October of 2012. The record does not indicate what occurred in October but, on December 12, 2012, Spinney's case was transferred to Hancock County. There, he entered an admission to the September 11, 2012, motion alleging that he had violated the conditions of his probation, and the court (*Cuddy, J.*) enrolled him in drug court—a program within the criminal court system "in which heightened judicial attention is given to defendants" whose criminal actions are driven by their abuse of substances. *State v. Jakubowski*, 2003 ME 58, ¶ 1, 822 A.2d 1193.

[¶3] As a condition of his participation in drug court, Spinney agreed to the imposition of alternate sentences based upon his performance in the program, referred to as "good" and "bad" sentences: if he successfully completed drug court, he would receive the "good" sentence—no further sanctions and his probation would continue; if he did not successfully complete drug court, he would receive the "bad" sentence—a full revocation of his probation resulting in Spinney serving the remaining five years of his suspended robbery sentence. A mere sixteen days after he entered the program, Spinney failed to appear at drug court and, once again, violated the conditions of his probation by committing a new criminal offense—eluding an officer (Class C), 29-A M.R.S. § 2414(3) (2011)—by leading police on a high-speed chase through downtown Bangor. Spinney was jailed soon after the chase and, while incarcerated, sent a letter to the "drug court team"[1] admitting that he had used bath salts and that he had "[left] the county,"[2] but asking for yet another chance to "[change his] life."

---

[1] The drug court team is an interdisciplinary body that supervises the participant's treatment plan and progress in the program. Maine Adult Drug Treatment Court Policy & Procedure Manual 1 (2013).

[2] One of the conditions Spinney agreed to when he entered drug court was that he would not leave Hancock County without permission. As noted above, the high-speed chase occurred in Bangor, which is located in Penobscot County.

[¶4]   On January 18, 2013, the court held a hearing to determine whether to expel Spinney from the drug court program.  At the start of that hearing, after consulting with his attorney, Spinney admitted that he had violated the drug court contract.  The court heard from Spinney, his parents, his counsel, and a representative from the District Attorney's office.  After conferring with the drug court team behind closed doors during the hearing, the court expelled Spinney from the program and announced that it would impose a full revocation of his probation—the "bad sentence" that Spinney had agreed to upon entering drug court.  Spinney did not object to any of the procedure at the hearing.  That same day, the court revoked Spinney's probation and imposed a sentence of five years, the balance of the previously suspended portion of the sentence imposed in 2007 for his robbery conviction.  Spinney did not appeal from the revocation of his probation.

[¶5]  On December 30, 2013, Spinney filed a petition for post-conviction review in the Superior Court (Penobscot County).  In his petition, he argued that his constitutional rights to due process and equal protection had been violated at the drug court termination hearing.  He specifically alleged that he had been denied an impartial hearing, the opportunity to present evidence, and the opportunity to confront witnesses against him.  The State thereafter

moved to dismiss Spinney's petition based on lack of subject matter jurisdiction pursuant to 15 M.R.S. §§ 2121, 2124 (2013),[3] contending that the statute expressly barred post-conviction review of a probation revocation, the basis for Spinney's petition.

[¶6]  By order dated February 13, 2015, the court (*Anderson, J.*) denied the State's motion to dismiss Spinney's petition based on its conclusions that the drug court termination hearing had in fact addressed both the revocation of Spinney's post-conviction bail and the revocation of his probation, and that Spinney's failure to appeal those decisions was excusable.  More than two years after Spinney had filed his petition, by judgment dated March 15, 2016, the court granted Spinney's petition for post-conviction review, concluding that the procedure employed in the drug court termination hearing had not met due process requirements.  The State appealed.

## II.  DISCUSSION

[¶7]  The State argues that the court erred in considering Spinney's petition for post-conviction review because the court lacked jurisdiction to do so.  Spinney responds that the court must have authority to consider his

---

[3]  Sections 2121 and 2124 have since been amended but the amendments do not affect this appeal.  *See* P.L. 2013, ch. 133, § 3 (effective Oct. 9, 2013) (codified at 15 M.R.S. § 2121 (2016)); P.L. 2013, ch. 266, §§ 2, 3 (effective Oct. 9, 2013) (codified at 15 M.R.S. § 2124 (2016)).

6

petition in the interest of justice because he would otherwise have no opportunity for review of his expulsion from drug court and the resultant revocation of his probation.

[¶8] Although participation in drug court may be allowed at virtually any stage in a criminal proceeding, Maine Adult Drug Treatment Court Policy & Procedure Manual 3 (2013), Spinney entered drug court while he was on probation for a felony conviction and after admitting that he had violated the terms of that probation on three separate occasions. Spinney was to remain on probation throughout his time in drug court and, as part of his drug court contract, he agreed that he would "[f]ollow all terms and conditions of other release and probation." He also agreed that the court would revoke that probation if he failed to successfully complete the drug court program. Spinney then violated the conditions of his drug court contract and admitted that he had done so, precipitating the drug court termination hearing and the resulting revocation of his probation. The court's January 18, 2013, hearing was thus a hybrid event: a probation revocation sanction hearing superimposed upon a drug court termination proceeding. In Spinney's case,

however, only the probation revocation resulted in a sentence,[4] and the record reveals that Spinney failed to avail himself of the opportunity to seek review of that sanction through 17-A M.R.S. § 1207 (2012).[5]

[¶9] Title 15 M.R.S. § 2124 sets forth the jurisdictional prerequisites for post-conviction review proceedings. The statute vests the Superior Court[6] with authority to review criminal judgments and "post-sentencing proceeding[s] [that are] causing a present restraint or . . . impediment," 15 M.R.S. § 2124, but expressly excludes probation revocation proceedings from the definition of "post-sentencing proceeding" and, therefore, from the jurisdiction of the court, 15 M.R.S. § 2121(2). Although the process utilized by the court in the December 13, 2013, hearing left *much* to be desired, *see State v. Power*, 2015 ME 40, ¶ 9, 114 A.3d 662 ("Constitutional due process protections apply in a probation revocation hearing."), Spinney could have and should have appealed the revocation of his probation pursuant to M.R.

---

[4] Because Spinney was on probation during his time in drug court, we need not discuss what appellate review process might be available to an individual who enters drug court at another stage of criminal proceedings.

[5] Section 1207 has since been repealed and replaced but the enactment does not affect this appeal. *See* P.L. 2015, ch. 431, § 41 (effective July 29, 2016) (codified at 17-A M.R.S. § 1207 (2016)).

[6] 15 M.R.S. § 2123(1-A) (2016) states that "authorized" judges of the District Court also have jurisdiction to conduct post-conviction review proceedings. With the state-wide implementation of the Unified Criminal Docket, all District Court judges who preside over criminal matters "ha[ve] and shall exercise all of the powers, duties and authority necessary for exercising the same jurisdiction as the Superior Court relative to a post-conviction review proceeding." 15 M.R.S. § 2123(1-A).

App. P. 19.[7]  His failure to take advantage of the only avenue of review open to him did not imbue the Superior Court with the authority to consider his petition for post-conviction review of a probation revocation in contravention of 15 M.R.S. §§ 2121(2), 2124.  Moreover, Spinney was represented by counsel at the drug court termination proceeding; he agreed that he had violated the conditions of his probation by violating the drug court contract and engaging in additional criminal conduct; and he had ample notice that such a violation would result in a full revocation of his probation.  No injustice is present on this record.

[¶10]  We conclude that, in cases such as this where a drug court participant is also on probation and the revocation of his probation is the sentence that is imposed upon expulsion from drug court, the proper path to obtain review is to file a notice of appeal.[8]  *See* 17-A M.R.S. § 1207(1) (2016); M.R. App. P. 19.  If we find sufficient cause to issue a certificate of probable cause, M.R. App. P. 19(f), we would then review the court's expulsion of the

---

[7]  As noted above, Spinney did not object to the procedure used at the December 13, 2013, hearing.  Rather, Spinney requested—and the court granted—that he, his parents, and his counsel be allowed to address the court on his behalf.

[8]  Although Spinney, upon entering drug court, agreed that his probation would be fully revoked if he failed to successfully complete the program and he also admitted to violating the conditions of his release, he may nonetheless have sought an appeal to challenge any due process violations inherent in the probation revocation proceedings.

participant from drug court and the subsequent revocation of the participant's probation for an abuse of discretion as we would review any court order revoking probation. *See State v. Kniffin*, 604 A.2d 900, 901 (Me. 1992); 17-A M.R.S. § 1206 (2016). To the extent our holding in *Jakubowski*, 2003 ME 58, 822 A.2d 1193, might suggest that there is no such path for review, we clarify that decision.

[¶11] Because we understand that Spinney is being held in the Penobscot County Jail pursuant to the Superior Court's grant of his petition for post-conviction review and because the remaining five years of his robbery sentence, adjusted for good time, *see* 17-A M.R.S. § 1253 (2016), may have otherwise run by now, we take the extraordinary step of noting that—even had Spinney properly asked us to review the court's decision to revoke his probation—we could find no abuse of discretion on this record. Spinney entered drug court after admitting to three separate motions to revoke his probation and agreeing that, should he fail to successfully complete drug court, the sentence imposed for those violations of probation would be five years of incarceration. Within sixteen days after starting what was supposed to be a year-long program, Spinney plainly violated his drug court contract

and the conditions of his release. The court did not abuse its discretion in expelling him from drug court and revoking his probation.

The entry is:

> Judgment vacated. Remanded with instructions to dismiss the petition for post-conviction review.

R. Christopher Almy, District Attorney, and Susan J. Pope, Asst. Dist. Atty. (orally), Prosecutorial District V, Bangor, for appellant State of Maine

Matthew S. Erickson, Esq. (orally), Brewer, for appellee Jonathan M. Spinney Jr.

Penobscot County Unified Criminal Docket docket number CR-2013-4904
FOR CLERK REFERENCE ONLY