MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 52
Docket:      Cum-19-188
Argued:      November 7, 2019
Decided:     April 23, 2020

Panel:       MEAD, GORMAN, and JABAR, JJ., and HJELM, A.R.J.*

STATE OF MAINE

v.

BRETT M. CATRUCH

MEAD, J.

[¶1]  This case has its origins in two criminal matters in which Brett M. Catruch's participation in the Co-Occurring Disorders and Veterans Court (Veterans Court) was terminated.  The Veterans Court is a criminal docket that provides intense judicial monitoring, case management, specialized treatment, and other services for military veterans who have substance abuse disorders, mental illness, or co-occurring disorders that are often attributable to their military service.  Catruch appeals from the judgments of the trial court

---

* Justice Hjelm sat at oral argument and participated in the initial conference while he was an Associate Justice and, on order of the Senior Associate Justice, was authorized to continue his participation in his capacity as an Active Retired Justice.  Chief Justice Saufley sat at oral argument and participated in the initial conference but resigned before this opinion was certified. Justice Alexander sat at oral argument and participated in the initial conference but retired before this opinion was certified.

(Cumberland and York Counties, *Mills, J.*) terminating his participation in the Veterans Court. We affirm the judgments.

## I. BACKGROUND

[¶2] On August 16, 2014, Catruch was arrested and charged with operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A) (2018). Catruch was granted preconviction bail on the condition that he not use or possess drugs or alcohol.

[¶3] On December 3, 2014, Catruch was again arrested and was charged with the following four counts: leaving the scene of an accident (Class C), 29-A M.R.S. § 2252(5) (2018); operating under the influence (Class D), 29-A M.R.S. § 2411(1-A)(A); operating beyond license condition or restriction (Class E), 29-A M.R.S. § 1251(1)(B) (2018); and violation of condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2018). Catruch was later indicted by a grand jury, and on February 17, 2015, following his arraignment, Catruch pleaded not guilty.

[¶4] On February 29, 2016, Catruch was admitted to the Veterans Court. That same day, Catruch pleaded guilty to all charges against him, agreeing to sentencing outcomes in a plea agreement and entering into a bail contract.

[¶5]  On January 7, 2019, the State filed a motion to terminate Catruch's participation in the Veterans Court.[1]  The State alleged that on December 29, 2018, Catruch had violated several conditions of his bail contract. A motion hearing followed in February 2019.  At the hearing, the court found that the State had proved Catruch's violation of conditions of his bail contract, and it terminated Catruch's participation in the Veterans Court.

[¶6]  The court sentenced Catruch in April 2019.  For the August 2014 OUI charge, the court sentenced Catruch to serve ten days of incarceration.  For the December 2014 charges, the court sentenced Catruch to serve a total of four years and six months of incarceration with all but twenty months suspended, and two years of probation.  Catruch appealed to us in both criminal matters, and we consolidated his appeals.

## II.  DISCUSSION

[¶7]  On appeal, Catruch argues that (A) it is appropriate for this Court to review his appeals from the termination of his participation in the Veterans Court and (B) the court erred in terminating his participation in the Veterans Court.  We address each argument in turn.

---

[1]  The State filed a first motion to terminate on January 9, 2017, and a second such motion on July 3, 2017.  The State withdrew both motions on December 3, 2018.  The motion filed on January 7, 2019, was the State's third motion to terminate Catruch's participation in the Veterans Court.

A. Termination of Participation in a Treatment Court and Deferred Disposition

[¶8]   Catruch acknowledges that no statute or court rule directly addresses whether a participant who enters a treatment court post-plea, but prior to sentencing, may appeal to the Law Court when a court terminates the person's participation in the treatment court.  And yet, he argues, denying him the right to appeal would violate his right to equal protection.

[¶9]   Title 17-A M.R.S. § 1348(A) (2018),[2] provided in relevant part, "[a] court may order sentencing deferred to a date certain or determinable and impose requirements upon the person, to be in effect during the period of deferment, considered by the court to be reasonable and appropriate to assist the person to lead a law-abiding life."  Although Catruch's contract is not labeled as a deferred disposition, in substance, its function is one and the same.  *See id.* (defining deferred dispositions as encompassing all the models that require an entry of a plea, followed by a period of time measuring the success of a defendant's treatment).  Here, the court accepted Catruch's plea and deferred sentencing and conviction subject to Catruch's participation in treatment.  We therefore characterize Catruch's participation in the Veterans Court as a

---

[2]   Title 17-A M.R.S. § 1348(A) has since been recodified.  *See* P.L. 2019, ch. 113, §§ A-1, A-2 (effective May 16, 2019) (to be codified at 17-A M.R.S. § 1902(1)).

deferred disposition, from which only discretionary appeals are permitted. *See* 17-A M.R.S. § 1348 (C) (2018);[3] *see also* M.R. App. P. 19(a).

[¶10]  Catruch did not, however, have the clarity of that analysis when he failed to seek a certificate of probable cause to allow him to pursue his appeal. In this case, which provides us with the first opportunity to clarify the process in Veterans Court proceedings, we treat this appeal as if we had received—and granted—a petition for a certificate of probable cause, which is the only route of appeal from a deferred disposition.  By doing so, we assure that Catruch has a route of appeal in the matter before us.

B.     Termination from the Veterans Court

[¶11]  Having determined that the matter is properly before us, we turn to the standard of review on appeal.  We review a participant's termination from a treatment court for an abuse of discretion.  *See Spinney v. State*, 2017 ME 9, ¶ 10, 154 A.3d 138.

[¶12]  Catruch does not challenge the sentence imposed by the court; instead, he challenges solely his termination from the Veterans Court.  Catruch argues that there were no allegations that he failed to meaningfully participate

---

[3] Title 17-A M.R.S. § 1348(C) has since been recodified. *See* P.L. 2019, ch. 113, §§ A-1, A-2 (effective May 16, 2019) (to be codified at 17-A M.R.S. § 1904).

in treatment, and he argues that the Veterans Court could have offered him more treatment and intervention.

[¶13] Catruch's arguments are unpersuasive. The court found, with ample evidentiary support, that the State had proved nearly all of the alleged violations of the conditions of Catruch's participation in the Veterans Court. For example, the court found that Catruch violated conditions of his post-conviction bail by testing positive for cocaine and alcohol, by having contact with a person in possession of illegal drugs, and by disobeying the curfew conditions to which he agreed.

[¶14] Catruch's bail contract conditions were clear, and he was cautioned that violating those conditions could result in termination from the Veterans Court—with the presiding justice being the final arbiter of his status in the treatment court. His plea agreement read, in relevant part:

> [I]f I do not comply with all of the conditions, I will be in violation of the conditions of my post-conviction bail, which are part of the contract. Such a violation may result in the imposition of court-imposed consequences, which may include incarceration [or] *expulsion from the Co-Occurring Disorders and Veterans Court*.

(Emphasis added.) His bail contract also contained provisions specifically warning of expulsion from the Veterans Court should Catruch violate conditions of his agreements. Thus, Catruch was on notice of the consequences

of his violations, he received the opportunities and benefits of the Veterans Court, he violated the conditions that allowed him to remain in the Veterans Court, and no injustice is present on the record. *Id.* ¶ 9 (holding that there was no injustice to a defendant because he was represented by counsel at the termination proceeding, had agreed to the treatment court participation conditions, and was aware of the consequences of violating those conditions).

[¶15]  Catruch was given myriad opportunities to complete and comply with the requirements for participation in the treatment court.  His failure to comply convinced the trial court that his serious violations of the agreements warranted his termination from the Veterans Court.  The court did not err or abuse its discretion in terminating Catruch's participation in the Veterans Court, and we affirm the judgments.

The entry is:

Judgments affirmed.

Sarah A. Churchill, Esq. (orally), Nichols & Churchill, P.A., Portland, for appellant Brett M. Catruch

Maeghan Maloney, District Attormey, and Jacqueline A. Sartoris, Asst. Dist. Atty. (orally), Prosecutorial District IV, Augusta, for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2014-7946
York County Superior Court docket number CR-2014-2066
FOR CLERK REFERENCE ONLY