CHARLES C. STUART, Petitioner,

*vs.*

CLYDE H. SMITH, Sheriff, et als.

Kennebec.   Opinion April 14, 1906.

</div>

*Habeas Corpus.   Prisoner Discharged.   Exceptions Do Not Lie.   Statute 1905, c. 131, Statute 1905, c. 134.   R. S., c. 79, § 55; c. 101.*

Exceptions do not lie to the discharge of a prisoner upon habeas corpus, whether the person discharged had been previously restrained of his liberty in civil or criminal proceedings.

On exceptions by defendant.   Dismissed.

Petition for writ of habeas corpus.   The petition omitting formal parts, is as follows:

" Respectfully represents Charles C. Stuart of St. Albans, in the County of Somerset and State of Maine, that he is unlawfully deprived of his personal liberty, and held in custody under restraint and

imprisoned in our jail in Skowhegan in said County of Somerset, by Clyde H. Smith, keeper of said jail.

"That on the ninth day of November, A. D. 1905, one H. H. Patten of Bangor, in the County of Penobscot, acting as attorney of record for one Henry F. Andrews of said Bangor, owner of an execution against your petitioner, for the sum of three hundred and four dollars and twenty cents debt or damage, and nine dollars and seventy-nine cents costs of suit thereon, which said execution issued from the Supreme Judicial Court within and for the County of Penobscot on the seventeenth day of October, A. D. 1905, made application in writing to George M. Chapman of Fairfield, a disclosure commissioner within and for said County of Somerset, praying that he issue a subpœna to your petitioner, commanding him to appear before said commissioner at such time and place as he might appoint, to make, on oath, a full and true disclosure of all his business and property affairs, in accordance with the provisions of chapter 114 of the Revised Statutes of Maine, and acts additional thereto and amendatory thereof, a copy of which application is hereto annexed and marked "Exhibit A."

"That said George M. Chapman thereupon, in his capacity as disclosure commissioner aforesaid, issued a subpœna to your petitioner, commanding him to appear before the said George M. Chapman on the fifteenth day of November, A. D. 1905, at the office of said George M. Chapman in said Fairfield in the County of Somerset, at ten o'clock in the forenoon, to make, on oath, a full and true disclosure of all his business and property affairs, in accordance with the provisions of chapter 114 of the Revised Statutes of Maine, and acts additional thereto and amendatory thereof, a copy of which said subpœna is hereto annexed and marked "Exhibit B."

"That your petitioner, believing the said George M. Chapman had jurisdiction in the premises, and that he was by law bound to obey the subpœna aforesaid presented himself for examination before the said Chapman at the time and place appointed, and submitted himself for examination but failed to obtain the benefit of the oath prescribed in said chapter 114 ; whereupon said Chapman issued a capias for his arrest, a copy of which is hereunto annexed and marked

"Exhibit C," upon which precept your petitioner was arrested on the fifteenth day of November, A. D. 1905, by William W. Nye, a deputy sheriff within and for said County of Somerset, who, thereupon, on said fifteenth day of November, committed your petitioner to the county jail in Skowhegan in said County of Somerset, where he was received and is now detained by Clyde H. Smith, keeper of said jail, by virtue of said precept.

"That said capias so issued by said George M. Chapman is utterly null and void, and issued by him without warrant or authority of law, and entirely outside his jurisdiction, for the reason following, to wit:

"1. The said town of Fairfield, where your petitioner was summoned to appear as aforesaid, is not the shire town of said County of Somerset.

"2. Your petitioner is not a resident of said town of Fairfield, and was not a resident thereof on the date of said petition.

"3. Neither the said Henry F. Andrews nor his said attorney, H. H. Patten, is or was on the date of said petition a resident of said town of Fairfield, or of the County of Somerset.

"4. Inasmuch as your petitioner could not be legally cited for disclosure under the laws of this state on said execution and petition to any place other than the town of his residence or the shire town of said County of Somerset, the pretended examination at the office of said George M. Chapman in said Fairfield on the fifteenth day of November aforesaid was without authority of law, and wholly null and void.

"That said Clyde H. Smith, keeper of the jail aforesaid, refuses to allow your petitioner his liberty and release him from imprisonment, but still claims to hold him in said jail by virtue of his arrest on said capias.

"Wherefore your petitioner prays that a writ of habeas corpus be issued out of this court, and that he may be taken before this Honorable Court forthwith, and hence discharged."

On this petition, a writ was duly issued and the petitioner came before a Justice of the Supreme Judicial Court in vacation, and asked

to be discharged for the reasons set forth in the petition. "Petitioner's right to be discharged depended on the construction of section 23, chapter 114 of the Revised Statutes of Maine and acts additional thereto and amendatory thereof."

The Justice hearing the matter ruled that chapter 131 of the Public Laws of 1905, was the law applicable to the case in question and discharged the petitioner, to which ruling the defendants excepted.

The only question considered by the Law Court was whether or not exceptions lie to the discharge of a prisoner upon habeas corpus.

The case appears in the opinion.

*Gould & Lawrence,* for plaintiff.

*H. H. Patten,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

WISWELL, C. J. The petitioner, having been committed to jail upon a capias issued by a disclosure commissioner, applied to a justice of this court, in vacation, for a writ of habeas corpus upon the ground that the disclosure commissioner who issued the capias had no jurisdiction under the statute, as amended by Chapters 131 and 134 of the Public Laws of 1905, which acts, approved upon the same day, appear to be entirely inconsistent with each other, and that consequently he was illegally deprived of his liberty. The writ was ordered to issue, and upon its return and after a hearing, the justice ordered the petitioner to be discharged from imprisonment. This order being based upon the conclusion that the disclosure commissioner had no jurisdiction in the premises under the statute as amended. Whereupon the creditor alleged exceptions to this ruling.

But the correctness of this ruling cannot be here considered. These exceptions are not properly before us, because of the well settled principle in this, and in numerous other states of this Union, that exceptions do not lie to the discharge of a prisoner upon habeas corpus. This was early decided in Massachusetts in an opinion by Chief Justice Shaw in *Wyeth* v. *Richardson,* 10 Gray, 240. The statutes in relation to exceptions and habeas corpus proceedings of

that state at that time being in substance and effect the same as are our statutes in relation to these subject matters. That case was followed by this court in *Knowlton, Petitioner,* v. *Baker,* 72 Maine, 202, wherein it was expressly decided that exceptions do not lie to the discharge of a prisoner on habeas corpus. The report of that case does not show whether the prisoner was held upon civil or criminal proceedings, but this is immaterial since the reason of the rule is as equally applicable to the one case as the other.

The purpose of this celebrated writ of habeas corpus, which has been denominated " the great writ of liberty," is not only to secure the right of personal liberty to one who has been illegally deprived thereof, but also to insure a speedy hearing and determination of the questions involved and as to the right of the petitioner to be released from imprisonment. To allow exceptions to the order for a discharge of the prisoner, by any judge who is given by statute the power to order the issuance of the writ and to act thereon, would be to seriously impair the efficiency of a process which has been relied upon by English speaking people for many centuries as the bulwark of their liberties, and would be inconsistent with the history and theory of the writ. It is better that occasional errors by a judge having jurisdiction should go uncorrected than that the speedy release of a person illegally deprived of his liberty should be prevented, or delayed by the length of time that must necessarily elapse in many cases before exceptions to an order for the discharge of the petitioner could be presented, argued and determined by the proper tribunal.

Various provisions of our statutes in relation to habeas corpus proceedings, R. S., chapter 101, show a legislative intention in accordance with the history and theory of the writ. " On return of the writ, the court or justice, without delay, shall proceed to examine the causes of imprisonment or restraint." " The court or justice, may, in a summary way, examine the cause of imprisonment or restraint; hear evidence produced on either side, and if no legal cause is shown for such imprisonment or restraint, the court or justice shall discharge him." " No person, enlarged by habeas corpus, shall be again imprisoned or restrained for the same cause," with certain exceptions not applicable here.

The provisions of R. S., c. 79, sec. 55, in relation to exceptions : "When the court is held by one justice, a party aggrieved by any of his opinions, directions or judgments, in any civil or criminal proceedings, may, during the term, present written exceptions in a summary manner," etc., are applicable to another class of cases and not to proceedings of this nature, as decided in *Wyeth* v. *Richardson,* supra.

*Exceptions dismissed.*