1997 ME 178

**STATE of Maine**

v.

**Thomas L. NICHOLS.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 26, 1997.

Decided Aug. 5, 1997.

---

Geoffrey Rushlau, District Attorney, Rockland, for State.

Anne H. Jordan, Jensen Baird Gadner & Henry, Biddeford, Craig A. Cellitti, Boston, MA, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Thomas L. Nichols appeals from the judgments of conviction entered in the Superior Court (Knox County, *Kravchuk,* J.) on jury verdicts finding him guilty of the possession of a schedule W drug (Class B), 17–A M.R.S.A. § 1107 (Supp.1996); aggravated trafficking in a schedule W drug (Class A), 17–A M.R.S.A. §§ 1103 & 1105 (1983 & Supp. 1996); and conspiracy to traffick in a schedule W drug (Class C), 17–A M.R.S.A. §§ 151,

1103 (1983 & Supp.1996). Nichols argues that he was deprived of his constitutional right to effective assistance of counsel and that we should consider his contention on direct appeal. We decline to do so.

[¶ 2] In June 1994 Nichols was a passenger in a vehicle driven by James Pike that was stopped for a traffic violation. Nichols and Pike were arrested after a search of the vehicle revealed a package containing 580 grams of cocaine. After a trial in August 1996 Nichols was convicted of the possession of cocaine, aggravated trafficking in cocaine, and conspiracy to traffick in cocaine. Nichols presents several arguments as to why his representation at trial was constitutionally defective. He contends that his counsel failed to object to various inadmissible and highly damaging evidence submitted by the State and failed to withdraw from representation as soon as he discovered that one of the prosecution's key witnesses was his former client.

[¶ 3] In *State v. Pullen,* 266 A.2d 222, 230–31 (Me.1970), we held that a defendant could not raise on direct appeal a claim of ineffective assistance of counsel. We were concerned about the need to develop an adequate evidentiary record by which to judge trial counsel's performance, and we concluded it would best be done by a post-conviction review proceeding. "The determination would then be made upon a proper evidentiary hearing, with full findings and record, at which both the appellant and his trial counsel would be afforded opportunity to be heard." *Id.* at 231. Our decision in *Pullen,* however, reserved the possibility that a claim of the ineffective assistance of counsel could be raised on direct appeal if "it clearly appeared that ineptness of counsel had resulted in a denial to the appellant of his constitutional right of adequate counsel." *Id.* We subsequently refined this statement to provide that ineffective assistance claims could only be brought on direct appeal if "the appeal record, within its own confines, establishes beyond possibility of rational disagreement the existence of representational deficiencies ... which are plainly beyond rational explanation or justification." *State v. LeBlanc,* 290 A.2d 193, 202 (Me.1972). To date, we

have adhered to the same basic formulation of this principle. *See, e.g., State v. Jordan,* 659 A.2d 849, 851 (Me.1995) (we will not consider an ineffective assistance claim on direct appeal "unless the record reveals, beyond the possibility for rational disagreement, that the defendant received inadequate representation").

[¶ 4] Today we make clear that we will not consider a claim of the ineffective assistance of counsel on direct appeal; henceforth, we will consider such a contention only after we issue a certificate of probable cause following a hearing on a post-conviction petition. There are a number of pragmatic considerations that underlie our decision. Considering a claim of ineffective assistance of counsel on direct appeal (1) deprives the State, in responding to the defendant's arguments, of the benefit of an evidentiary hearing, including trial counsel's testimony; (2) places us in the role of factfinder with respect to evaluating counsel's performance; (3) encourages a defendant to seek a different counsel for the purpose of raising on a direct appeal the claim of the ineffective assistance of counsel; and (4) constitutes a significant drain on our resources in responding to such claims.

[¶ 5] Regardless of the merit of the defendant's contentions, the resolution of his claim, and all claims of ineffective assistance of counsel, must in the first instance be determined in a post-conviction proceeding. Therefore, we decline to consider the issues raised by Nichols on this direct appeal.

The entry is:

Judgments affirmed.