MAINE SUPREME JUDICIAL COURT                     Reporter of Decisions
Decision:      2014 ME 65
Docket:        Was-13-399
Submitted
 On Briefs:    April 29, 2014
Decided:       May 8, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

STATE OF MAINE

v.

DAVID W. TROY

PER CURIAM

[¶1]  David W. Troy appeals from judgments of conviction of assault on an officer (Class C), 17-A M.R.S. § 752-A(1)(A) (2013), and criminal mischief (Class D), 17-A M.R.S. § 806(1)(A) (2013), entered in the Superior Court (Washington County, *R. Murray, J.*) following a jury trial.  On appeal, Troy asserts ineffective assistance of his trial counsel based upon his counsel's (1) electing not to make an opening statement; (2) not cross-examining the State's witnesses; (3) not presenting any evidence for the defense; and (4) presenting only a brief and general closing argument.  Troy's choice not to testify was approved by the court after a recorded conference at which Troy was advised by the court of his right to testify, stated that he was satisfied with trial counsel's advice on this matter, and confirmed his decision not to testify.

2

[¶2] Troy now asserts that his lawyer's conduct was ineffective, arguing that he was, in essence, completely denied counsel. However, there may be circumstances when such trial conduct represents appropriate strategic choices, attention to important ethical obligations, or other considerations. *See Pineo v. State*, 2006 ME 119, ¶¶ 13, 16-17, 908 A.2d 632 (discussing strategic choices); M.R. Prof. Conduct 3.1(a), 3.3(a)(1), (3) (describing ethical obligations).

[¶3] We do not consider such claims of ineffective assistance of counsel on direct appeal.[1] *See State v. Ali*, 2011 ME 122, ¶ 20, 32 A.3d 1019 (reiterating that post-conviction review is the proper forum for a claim of ineffective assistance of counsel and that we will consider such claims only after a certificate of probable cause has been issued following a hearing on a post-conviction petition); *State v. Nichols*, 1997 ME 178, ¶¶ 4-5, 698 A.2d 521 (clarifying then-existing law to hold that we will not consider an ineffective assistance of counsel claim on direct appeal, "[r]egardless of the merit of the defendant's contentions"); *cf. State v. Bellavance*, 2013 ME 42, ¶ 22 n.5, 65 A.3d 1235. *See generally* 15 M.R.S. §§ 2121-2132 (2013) (establishing the procedure for post-conviction review); M.R. Crim. P. 65-75A; M.R. App. P. 19. The issues of ineffective assistance of counsel, now raised by Troy's new counsel, must be addressed in a fact-finding

---

[1] The time periods by which one must initiate a petition for post-conviction review are established in 15 M.R.S. § 2128-B (2013).

proceeding to determine if trial counsel's action resulted from the alleged incompetence, or from appropriate strategic choices, the attorney's ethical responsibilities, or other considerations.

The entry is:

Judgments affirmed.

---

**On the briefs:**

Hunter J. Tzovarras, Esq., Bangor, for appellant David W. Troy

Carletta Bassano, District Attorney, and Ethan Plaut, Asst. Dist. Atty. Prosecutorial District VII, Ellsworth, for appellee State of Maine

Washington County Superior Court docket number CR-2009-243
FOR CLERK REFERENCE ONLY