MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2019 ME 72
Docket:       Aro-18-257
Argued:       December 12, 2018
Decided:      May 21, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Majority:      SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Concurrence:   ALEXANDER, J.

JONATHAN A. PETGRAVE

v.

STATE OF MAINE

MEAD, J.

[¶1]  For the third time in recent years we are called upon to establish a procedure for bringing a claim of ineffective assistance of counsel in a specific context where a party has the right to the effective assistance of counsel and where no statutory procedure to enforce that right existed previously—here in the context of a claim arising from a probation revocation judgment.  *See In re Henry B.*, 2017 ME 72, 159 A.3d 824 (claim of ineffective assistance of counsel arising from an involuntary commitment proceeding); *In re M.P.*, 2015 ME 138, 126 A.3d 718 (claim of ineffective assistance of counsel arising from a termination of parental rights proceeding).  We do so being mindful of two primary considerations: (1) the Legislature has provided by statute that

2

review of a revocation of a defendant's probation "must be by appeal to the Law Court," 17-A M.R.S. § 1207(1) (2018); and (2) for that appeal to be meaningful, we must have a sufficiently well-developed record to review.

## I. BACKGROUND

[¶2]  In August 2016, after Jonathan Petgrave pleaded guilty to a charge of unlawful possession of a scheduled drug (Class B), 17-A M.R.S. § 1107-A(1)(A)(2) (2018), the trial court (Aroostook County, *Hunter, J.*) entered a judgment and commitment imposing a sentence of three years' imprisonment with all but 120 days suspended, two years of probation, a $500 fine, and payment of $120 in restitution.

[¶3]  One year later, the State moved to revoke Petgrave's probation, alleging that he had committed a serious domestic violence assault.  While that motion was pending, the State filed a second motion to revoke, alleging that Petgrave was unlawfully in possession of a firearm.  Petgrave entered denials to both motions and counsel was appointed to represent him.  The court (*Stewart, J.*) then changed venue to Penobscot County on Petgrave's motion.  On December 19, 2017, following an evidentiary hearing on the first motion to revoke, the court (*Campbell, J.*) found that Petgrave had violated his probation.  At a dispositional hearing the court fully revoked Petgrave's probation and

ordered that he serve the two years, eight months remaining on his underlying sentence. It declared the second motion to revoke moot.

[¶4]  Petgrave requested a certificate of probable cause to appeal pursuant to M.R. App. P. 19, asserting that there was insufficient evidence to establish either that he was on probation at the time of the alleged assault or that the assault occurred. We denied the request.

[¶5]  While that request was pending, Petgrave, with new counsel, filed a petition for post-conviction review in the trial court alleging that his counsel had been ineffective at the revocation hearing in failing to call unspecified witnesses and in "fail[ing] to present a proper defense." The court (*Anderson, J.*) summarily dismissed the petition, determining that pursuant to 15 M.R.S. § 2121(2) (2018), "post-sentencing proceedings which are proper to challenge on post-conviction review do not include revocation of probation hearings." (Alterations and quotation marks omitted); *see* M.R.U. Crim. P. 70(b). The court concluded that Petgrave's remedy for any claim of error arising from the revocation hearing was to seek a discretionary appeal pursuant to 17-A M.R.S. § 1207(1), as he had already done. Petgrave appealed from the summary dismissal of his petition and we granted a certificate of probable cause. M.R. App. P. 19(a)(2)(F).

4

## II. DISCUSSION

A.    Petgrave's Right to Effective Assistance of Counsel

[¶6]   Petgrave asserts that beyond the bare right to have counsel represent him at the hearing, he had a due process right to the *effective* assistance of counsel.  The State agrees, as do we.  The Legislature grants a person accused of violating probation the right to counsel, including the right to court-appointed counsel if the person is indigent, 17-A M.R.S. § 1205-C(4) (2018),[1] and we recently held in another context involving the potential deprivation of liberty that "where a state statute affords an individual . . . the right to counsel, the legislature could not have intended that counsel could be prejudicially ineffective."  *In re Henry B.*, 2017 ME 72, ¶ 6, 159 A.3d 824 (quotation marks omitted).  Applying the same rationale here, we conclude that Petgrave had the right to have counsel assist him effectively before his probation was revoked and he was subjected to further incarceration.

B.    The *Strickland* Test

[¶7]   Petgrave next urges that the question of whether he received effective assistance at the revocation hearing should be answered by applying the two-part test first articulated by the United States Supreme Court in

---

[1] The statute was amended after the State moved to revoke Petgrave's probation, but not in any way that affects this appeal.  P.L. 2017, ch. 214, § 1 (effective Nov. 1, 2017).

*Strickland v. Washington*, 466 U.S. 668, 687 (1984), which applies to claims of ineffective assistance of counsel at criminal trials, *see, e.g.*, *Fahnley v. State*, 2018 ME 92, ¶ 17, 188 A.3d 871.[2]  Again, the State agrees.

[¶8]  We also agree that *Strickland* is the proper test for evaluating whether counsel was effective in this context.  It is the test used to evaluate such claims arising from criminal trials, *Fahnley*, 2018 ME 92, ¶ 17, 188 A.3d 871; involuntary commitment proceedings, *In re Henry B.*, 2017 ME 72, ¶ 9, 159 A.3d 824; and proceedings to terminate parental rights, *In re M.P.*, 2015 ME 138, ¶ 26, 126 A.3d 718; and, as we have noted, "[t]he *Strickland* standard is known to the bar and the bench, and *Strickland* carries with it a developing body of case law, which will aid courts in the efficient and timely resolution of such claims."  *In re M.P.*, 2015 ME 138, ¶ 26, 126 A.3d 718; *see also In re Henry B.*, 2017 ME 72, ¶ 8, 159 A.3d 824 ("*Strickland* is a well-known and developing standard").

C.    Statutory Construction

[¶9]  The post-conviction review process, 15 M.R.S. §§ 2121-2132 (2018), is, as the trial court concluded, unavailable in the case of a probation revocation.

---

[2]  The test requires the claimant to prove that "counsel's representation fell below an objective standard of reasonableness and . . . [that] errors of counsel actually had an adverse effect on the defense." *Fahnley v. State*, 2018 ME 92, ¶ 17, 188 A.3d 871 (quotation marks omitted).

6

By statute, post-conviction review is available to review "post-sentencing proceedings occurring during the course of sentences." 15 M.R.S. § 2122. A probation revocation hearing would ordinarily qualify. The Legislature, however, has unambiguously said that "revocation of probation" is not a "post-sentencing proceeding." 15 M.R.S. § 2121(2). Accordingly, the post-conviction review process—which is, "except for direct appeals from a criminal judgment, [the] exclusive method of review . . . of post-sentencing proceedings," 15 M.R.S. § 2122—is not an available mechanism for the defendant to seek a remedy in this case. For that reason, the trial court, correctly applying the statutory and case law existing at the time, dismissed Petgrave's petition.

[¶10] The unavoidable conclusion that the post-conviction review process found in Title 15 is not available to Petgrave is reinforced in the Criminal Code, where the Legislature has declared that "[r]eview of a revocation of probation . . . *must* be by [discretionary] appeal to the Law Court." 17-A M.R.S. § 1207(1) (emphasis added); *see* M.R. App. P. 19(a)(2)(B). Having a discretionary appeal as the only available avenue for appellate review creates an insurmountable obstacle for Petgrave, however, because for more than twenty years we have maintained a bright-line rule that in a criminal context

we will not consider claims of ineffective assistance on direct appeal, but rather will only consider such claims following a post-conviction review hearing. *State v. Nichols*, 1997 ME 178, ¶¶ 4-5, 698 A.2d 521; *see State v. Troy*, 2014 ME 65, ¶ 3, 91 A.3d 1064 (same). As a result of the prohibition in section 1207(1) and our holding in *Nichols*, it would initially appear that Petgrave is deprived of an opportunity to obtain meaningful review, including an opportunity for an evidentiary hearing, on his claim of ineffective assistance of counsel in his probation revocation matter. We must therefore look elsewhere to identify the avenue for such a claim to be pursued.

D.      Habeas Corpus

[¶11]   "The statutory remedy of post-conviction review, 15 M.R.S. §§ 2121-2132, was intended to fully replace and implement the constitutional right of post-conviction habeas corpus as it pertains to a post-sentencing proceeding that occurs during the course of an offender's sentence." *James v. State*, 2008 ME 122, ¶ 12, 953 A.2d 1152. Section 2122 specifically states that post-conviction review "replaces the remedies available pursuant to post-conviction habeas corpus, to the extent that review of a criminal conviction or proceedings were reviewable, [and] the remedies available

8

pursuant to common law habeas corpus, including habeas corpus as recognized in Title 14, sections 5501 and 5509 to 5546." 15 M.R.S. § 2122.

[¶12]   Section 2122 further states that the post-conviction review chapter is "construed to provide relief for those persons required to use this chapter as required by the Constitution of Maine, Article I, Section 10." *Id*. Article I, section 10 of the Maine Constitution states, in pertinent part, that "the privilege of the writ of habeas corpus *shall not be suspended*, unless when in cases of rebellion or invasion the public safety may require it."   (Emphasis added).   Thus, where the writ of habeas corpus was available pursuant to article I, section 10 to protect fundamental rights—including the right to effective assistance of counsel—the rule of construction stated in section 2122 confirms that habeas corpus relief remains available for Petgrave because he is not a person who is "required to use this chapter," 15 M.R.S. § 2122, to address his claims of ineffective assistance of counsel in the context of a probation revocation matter.  We now discuss the specific procedure to be used in order to afford relief in this case.

E.     Procedure for Raising an Ineffective Assistance Claim

[¶13]  Because Petgrave's claim is barred from both avenues in which we would ordinarily consider assertions of error occurring in a criminal

proceeding—i.e., from post-conviction review by statute and from direct appeal by the *Nichols* rule—we today recognize an exception to the broad rule articulated in *Nichols* and hold that in the specific context of a discretionary appeal taken from a probation revocation judgment, a defendant may assert a claim of ineffective assistance of counsel using the procedure described below.[3] The procedure we announce satisfies two important objectives, in that it affords a defendant fundamental fairness by allowing an ineffective assistance claim in the context of a probation revocation proceeding to be heard, *see State v. Hunt*, 2016 ME 172, ¶ 19, 151 A.3d 911 ("[t]he Due Process Clause prohibits deprivations of . . . liberty . . . without fundamental fairness" (alteration and quotation marks omitted)), and it provides us with a fully-developed evidentiary record, similar to that resulting from a post-conviction review hearing, on which to consider such a claim.

[¶14] Rule 33 of the Maine Rules of Unified Criminal Procedure provides that a trial court "on motion of the defendant may grant a new trial to the defendant if required in the interest of justice." We acknowledge that the rule

---

[3] Because we expressly modify the holding of *State v. Nichols*, 1997 ME 178, ¶¶ 4-5, 698 A.2d 521, and confirm that we will now entertain a discretionary appeal taken directly from a probation revocation judgment asserting a claim of ineffective assistance of counsel, Petgrave need not invoke the statutory habeas corpus process, 14 M.R.S. §§ 5501-5546 (2018), to pursue his claim. We note also that the statute does not provide a specific process for addressing such claims. *See infra* ¶¶ 16-18.

is generally intended to be a vehicle to remedy injustices arising from the trial itself and is not explicitly directed at post-sentencing proceedings. That said, we conclude that in this circumstance of an individual whose probation has been revoked, the principles underlying Rule 33 justify the establishment of a process that affords a meaningful opportunity to pursue a claim of ineffective assistance of counsel. *See State v. Spearin*, 467 A.2d 173, 174 (Me. 1983) (remanding for further consideration following an appeal taken from the denial of a motion for a new trial "out of concern for basic fairness to defendant and for full development of [an] adequate record[] for appellate review").

[¶15] Accordingly, a defendant who seeks to raise a claim of ineffective assistance of counsel after a probation revocation hearing may do so by filing a Rule 33 motion for a new trial, which, after it is filed, will be directed to the judge who issued the judgment revoking probation. The motion must be filed within thirty-five days after the entry of the judgment, or within seventy days after the entry of the judgment if the motion is based on the ground of newly-discovered evidence. Those time limitations balance the defendant's need for an adequate opportunity to review the record of the hearing, possibly with new counsel, against "legitimate state interests in promoting timely resolution of criminal charges [and] protecting the finality of judgments" in a

post-conviction matter. *Loi Van Ngo v. State*, 2008 ME 71, ¶ 15, 946 A.2d 424. The motion for a new hearing must include at least one affidavit "stating, with specificity, the basis for the claim" of ineffective assistance of counsel. *In re M.P.*, 2015 ME 138, ¶ 21, 126 A.3d 718. If the defendant fails to include such an affidavit, "the . . . motion asserting the ineffective assistance of counsel must be denied." *Id.*

[¶16] When a motion is timely filed with the required affidavit(s), the judge who issued the revocation judgment will review the allegations and determine, applying the *Strickland* test, whether the defendant has made out a prima facie claim of ineffective assistance. If so, the court will hold an evidentiary hearing; if not, it will dismiss the motion. Following an evidentiary hearing the court shall, again applying the *Strickland* test, either (1) grant the motion, vacate the original judgment, and order a new hearing on the State's motion to revoke probation; or (2) deny the defendant's motion. If the court declines to hold an evidentiary hearing, or denies the defendant's motion following an evidentiary hearing, the defendant may apply to take a discretionary appeal pursuant to M.R. App. P. 19(a)(2)(B).[4]

---

[4] A Rule 33 motion filed in the trial court requesting a new probation revocation hearing on the ground of ineffective assistance of counsel does not encompass or affect any other ground of appeal arising from a judgment revoking probation; any such ground must be pursued by discretionary appeal in the usual course, notwithstanding M.R. App. P. 2B(b)(2)(C). *See* M.R. App. P. 2B(b)(1),

12

[¶17]  In this case, although we conclude that the trial court did not err in summarily dismissing Petgrave's petition for post-conviction review, Petgrave will have thirty-five days following the entry of our mandate to file a motion for a new probation revocation hearing in accordance with the process established above should he seek to do so given the strictures of the filing requirements.

The entry is:

> Judgment summarily dismissing petition for post-conviction review affirmed.  Petgrave may file a motion for a new probation revocation hearing in the trial court within thirty-five days of the issuance of our mandate.

---

19(a)(2)(B).  Petgrave attempted to do so here in challenging the sufficiency of the evidence via a timely application to allow a discretionary appeal while petitioning for post-conviction review on the ground of ineffective assistance.

In the event that a Rule 33 motion is filed in the trial court concurrently with or following an application to allow a discretionary appeal, the provisions of the Rule apply: "the clerk of the Unified Criminal Docket shall immediately send notice to the clerk of the Law Court of the filing of such a motion; the court shall conduct a hearing and either deny the motion or certify to the Law Court that it would grant the motion."  M.R.U. Crim. P. 33.  Upon receipt of notice that a motion for a new hearing has been filed, we will ordinarily stay the appeal.  Should the court then certify that it would grant the motion—meaning that it would vacate its judgment revoking the appellant's probation and order a new hearing—we will dismiss the pending appeal as moot and remand.  If the court denies the motion, the defendant, if he or she wishes, may file a separate application to allow a discretionary appeal from that decision, which, if granted, would be joined with the pending appeal from the judgment on the probation revocation motion if we have allowed that appeal to proceed, and the pending appeal will then proceed to resolution.

ALEXANDER, J., concurring.

[¶18]  I concur that, in a probation revocation hearing, a defendant has a right to the effective assistance of counsel.  I also concur that the petitioner, and others similarly situated, have a right to an evidentiary hearing, before the trial court, to adjudicate properly articulated claims of ineffective assistance of counsel allegedly occurring during the course of a probation revocation proceeding.  The authority to provide such an evidentiary hearing has existed for 200 years.  The Maine Constitution includes article I, section 10, specifying, among other things, that "the privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it."

[¶19]   In 1961 we opined that the protection of a habeas corpus fact-finding proceeding is available, even if the Legislature should legislate to the contrary, in matters where the government seeks to impose restraints on individuals, including in civil commitment proceedings.  *Opinion of the Justices*, 157 Me. 187, 210-211, 170 A.2d 660 (1961).  There, the question presented was: "may the Legislature provide that the Writ of Habeas Corpus shall not be available to any such person, notwithstanding the provisions of [a]rticle I, [s]ection 10, of the Constitution of Maine?"  *Id.*, 157 Me. at 211, 170 A.2d 660.

14

We responded: "The 'great writ of liberty' must not be destroyed or weakened. *Stuart v. Smith*, 101 Me. 397[, 64 A. 663 (1906)]. The writ of habeas corpus must remain available at all times to any person hospitalized under an Act such as L.D. 1496." *Opinion of the Justices*, 157 Me. at 211, 170 A.2d 660.

[¶20] In 1985 we held that the then relatively new post-conviction review statute[5] in effect replaced prior writ of habeas corpus practice, and because it did so, the new post-conviction review statute could not be construed to bar an evidentiary hearing to review a claim of ineffective assistance of counsel in an appeal from an order denying a post-judgment motion. *Kimball v. State*, 490 A.2d 653 (Me. 1985). In *Kimball*, a trial court had determined that, in a post-conviction proceeding, it lacked jurisdiction to review a claim of ineffective assistance of counsel in proceedings on a motion for new trial and on an appeal from the denial of that motion. *Id*. at 657.

[¶21] We held that the post-conviction justice erred in determining that he did not have jurisdiction. *Id*. In our opinion, we noted:

> Our conclusion is reinforced by the fact that Kimball's petition for post-conviction review of the effectiveness of his new trial motion counsel would have been recognized in a petition for a writ of habeas corpus at common law. That fact alone requires that post-conviction review be available in this case, since art. I, § 10 of the Maine Constitution forbids suspension of the privilege of the

---

[5] The present post-conviction review statute, 15 M.R.S. §§ 2121-2132 (2018) was originally enacted in 1980 by P.L. 1979, ch. 701, § 15 (effective July 3, 1980).

> writ of habeas corpus, and since statutory post-conviction review completely "replaces the remedies available pursuant to post-conviction habeas corpus, to the extent that review of a criminal conviction or proceedings were reviewable . . . ." 15 M.R.S.A. § 2122. The post-conviction statute itself provides "that this chapter shall provide and shall be construed to provide such relief for those persons required to use this chapter as is required by the Constitution of Maine, [a]rticle I, [s]ection 10."

*Kimball*, 490 A.2d at 658-59 (citation omitted) (first alteration in original).

[¶22]  The *Kimball* court further held that a "Petitioner's right to effective assistance of counsel on appeal from the denial of his new trial motion flows by extension from his right to such counsel at the trial court level, and from the well-known principle that once a state chooses to provide appellate review of a class of proceedings, it must furnish counsel to indigents who wish to exercise their right to appeal." *Id*. at 659.[6]

[¶23]  Disregarding prior history and precedent directly on point, the Court deems that it must act legislatively to "announce" a new procedure, overrule or modify a prior opinion, *State v. Nichols*, 1997 ME 178, ¶¶ 4-5, 698 A.2d 521, and, without any rulemaking, in effect amend M.R.U. Crim. P. 33. The Court takes these actions to "afford[] a defendant fundamental fairness by

---

[6]  In *Manley v. State*, 2015 ME 117, ¶ 18, 123 A.3d 219, we suggested that *Kimball*, and other opinions, may have too narrowly construed the two-part ineffective assistance of counsel test articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, we have never suggested that *Kimball's* application of art. I, § 10 of the Maine Constitution does not remain good law.

allowing an ineffective assistance claim in the context of a probation revocation proceeding to be heard, and . . . provide[] us with a fully-developed evidentiary record, similar to that resulting from a post-conviction review hearing, on which to consider such a claim."  Court's Opinion ¶ 15 (citation omitted).

[¶24]  I do not concur with the Court's analysis that we must create and announce a new process to provide the evidentiary hearing sought on the petitioner's claim of ineffective assistance of counsel in a probation revocation proceeding.

[¶25]  The post-conviction review statute states that a "revocation of probation," although it may impose a restraint on an individual, is not a "[p]ost-sentencing proceeding."  15 M.R.S. § 2121(2) (2018).  Thus, by statute, the post-conviction review process, which is, "except for direct appeals from a criminal judgment, [the] exclusive method of review . . . of post-sentencing proceedings," 15 M.R.S. § 2122 (2018), appears, at least superficially, to not be available to provide the petitioner a remedy in this case.  However, and as we noted in *Kimball*, section 2122 further states that the post-conviction review chapter must be "construed to provide . . . relief for those persons required to use this chapter as is required by the Constitution of Maine, [a]rticle I, [s]ection 10."  *Kimball*, 490 A.2d at 659.

[¶26] Where the writ of habeas corpus was available pursuant to article I, section 10 to protect fundamental rights, the rule of construction stated in section 2122 indicates that habeas corpus relief remains available and could not be eliminated by enactment of the post-conviction review laws. *Kimball*, our 1961 *Opinion of the Justices*, and the post-conviction statute's own rule of construction require that the post-conviction review statutes be interpreted to provide the trial courts with a residue of authority to conduct an evidentiary hearing in the nature of a habeas corpus proceeding. This authority is preserved by Me. Const. article I, section 10, when an individual may be subject to restraint and ineffective assistance of counsel is alleged to have occurred in a probation revocation proceeding. No specific rule need be referenced to provide the petitioner such an evidentiary hearing, nor any new process need be announced; the process is available as a matter of constitutional right, and has been for 200 years.

[¶27] Because the trial court summarily dismissed Petgrave's petition, apparently without recognizing its residual authority to afford Petgrave an evidentiary hearing in the nature of a habeas corpus proceeding, the trial court may have erred. However, because Petgrave's petition failed to allege a prima facie case of ineffective assistance of counsel, any error by the trial court was

18

harmless.  Thus, I concur with the Court that we should affirm the trial court's judgment.

[¶28]  Standards for determining whether effective assistance of counsel was provided at a hearing apply the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This test requires the claimant to prove that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that the end result of the criminal process would have been more favorable but for the defense counsel's deficient performance.  *See Missouri v. Frye*, 566 U.S. 134, 147 (2012); *Strickland*, 466 U.S. at 687.

[¶29]  We have applied this test to evaluate ineffective assistance claims arising from criminal trials, *Fahnley v. State*, 2018 ME 92, ¶ 17, 188 A.3d 871; involuntary commitment proceedings, *In re Henry B.*, 2017 ME 72, ¶ 9, 159 A.3d 824; and proceedings to terminate parental rights, *In re M.P.*, 2015 ME 138, ¶ 26, 126 A.3d 718.  We have noted, "The *Strickland* standard is known to the bar and the bench, and *Strickland* carries with it a developing body of case law, which will aid courts in the efficient and timely resolution of such claims." *In re M.P.*, 2015 ME 138, ¶ 26, 126 A.3d 718; *see also In re Henry B.*,

2017 ME 72, ¶ 8, 159 A.3d 824 ("*Strickland* is a well-known and developing standard.").

[¶30]  The Court's opinion accurately states the bare bones nature of Petgrave's petition asserting ineffective assistance of counsel: "Petgrave, with new counsel, filed a petition for post-conviction review in the trial court alleging that his counsel had been ineffective at the revocation hearing in failing to call unspecified witnesses and in 'fail[ing] to present a proper defense.'" Court's Opinion ¶ 5 (alteration in original).  Nowhere in Petgrave's petition is there any suggestion as to who the "unspecified" witnesses might be, what testimony they might have offered, or how prior counsel failed to present a "proper defense."

[¶31]  The *Strickland* standards, as we articulated them in *Fahnley*, 2018 ME 92, ¶ 17, 188 A.3d 871, require a finding that the "errors of counsel actually had an adverse effect on the defense."  Petgrave's bare bones petition failed to articulate a prima facie case even for this minimal "adverse effect on the defense" standard.  Had the trial court not summarily dismissed Petgrave's petition for the reasons it did, it would have been required to dismiss the petition for failure to demonstrate a prima facie claim of ineffective assistance of counsel.  Thus, even if the trial court erred in denying Petgrave the

opportunity for an evidentiary hearing on his ineffective assistance claim, the error, if any, was harmless.

[¶32]  An error is harmless when the error did not result in substantial injustice or affect substantial rights, M.R.U. Crim. P. 52(a), or "if it is highly probable that the error did not affect the judgment."  *State v. Guyette*, 2012 ME 9, ¶ 19, 36 A.3d 916; *see also Williams v. United States*, 503 U.S. 193, 203 (1992).  Nothing in the record before us suggests what an acceptably skilled counsel might have done differently to alter the result of the probation revocation hearing.

[¶33]  Because the trial court did not reach the merits in dismissing Petgrave's petition, its ruling, affirmed in this appeal, does not bar a subsequent petition, if a petition can be filed that articulates a prima facie claim meeting the *Strickland* standards.  Accordingly, I concur in the Court's affording the petitioner another opportunity to file and have an evidentiary hearing on a proper petition.

---

David Paris, Esq. (orally), Bath, for appellant Jonathan A. Petgrave

R. Christopher Almy, District Attorney, and Mark A. Rucci, Asst. Dist. Atty. (orally), Prosecutorial District V, Bangor, for appellee State of Maine