ALEXANDER, J., concurring.
 

 [¶18] I concur that, in a probation revocation hearing, a defendant has a right to the effective assistance of counsel. I also concur that the petitioner, and others similarly situated, have a right to an evidentiary hearing, before the trial court, to adjudicate properly articulated claims of ineffective assistance of counsel allegedly occurring during the course of a probation revocation proceeding. The authority to provide such an evidentiary hearing has existed for 200 years. The Maine Constitution includes article I, section 10, specifying, among other things, that "the privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it."
 

 [¶19] In 1961 we opined that the protection of a habeas corpus fact-finding proceeding is available, even if the Legislature should legislate to the contrary, in matters where the government seeks to impose restraints on individuals, including in civil commitment proceedings.
 
 Opinion of the Justices
 
 ,
 
 157 Me. 187
 
 , 210-211,
 
 170 A.2d 660
 
 (1961). There, the question presented was: "may the Legislature provide that the Writ of Habeas Corpus shall not be available to any such person, notwithstanding the provisions of [a]rticle I, [s]ection 10, of the Constitution of Maine?"
 

 Id.
 

 ,
 
 157 Me. at 211
 
 ,
 
 170 A.2d 660
 
 . We responded: "The 'great writ of liberty' must not be destroyed or weakened.
 
 Stewart v. Smith
 
 ,
 
 101 Me. 397
 
 [,
 
 64 A. 663
 
 (1906) ]. The writ of habeas corpus must remain available at all times to any person hospitalized under an Act such as L.D. 1496."
 
 Opinion of the Justices
 
 ,
 
 157 Me. at 211
 
 ,
 
 170 A.2d 660
 
 .
 

 [¶20] In 1985 we held that the then relatively new post-conviction review statute
 
 [5]
 
 in effect replaced prior writ of habeas corpus practice, and because it did so, the new post-conviction review statute could not be construed to bar an evidentiary hearing to review a claim of ineffective assistance of counsel in an appeal from an order denying a post-judgment motion.
 
 Kimball v. State
 
 ,
 
 490 A.2d 653
 
 (Me. 1985). In
 
 Kimball
 
 , a trial court had determined that, in a post-conviction proceeding, it lacked jurisdiction to review a claim of ineffective assistance of counsel in proceedings on a motion for new trial and on an appeal from the denial of that motion.
 

 Id.
 

 at 657
 
 .
 

 [¶21] We held that the post-conviction justice erred in determining that he did not have jurisdiction.
 

 Id.
 

 In our opinion, we noted:
 

 Our conclusion is reinforced by the fact that Kimball's petition for post-conviction review of the effectiveness of his new trial motion counsel would have been recognized in a petition for a writ of habeas corpus at common law. That fact alone requires that post-conviction review be available in this case, since art. I, § 10 of the Maine Constitution forbids suspension of the privilege of the writ of habeas corpus, and since statutory post-conviction review completely "replaces the remedies available pursuant to post-conviction habeas corpus, to the extent that review of a criminal conviction or proceedings were reviewable ...." 15 M.R.S.A. § 2122. The post-conviction statute itself provides "that this chapter shall provide and shall be
 construed to provide such relief for those persons required to use this chapter as is required by the Constitution of Maine, [a]rticle I, [s]ection 10."
 

 Kimball
 
 ,
 
 490 A.2d at 658-59
 
 (citation omitted) (first alteration in original).
 

 [¶22] The
 
 Kimball
 
 court further held that a "Petitioner's right to effective assistance of counsel on appeal from the denial of his new trial motion flows by extension from his right to such counsel at the trial court level, and from the well-known principle that once a state chooses to provide appellate review of a class of proceedings, it must furnish counsel to indigents who wish to exercise their right to appeal."
 

 Id.
 

 at 659
 
 .
 
 [6]
 

 [¶23] Disregarding prior history and precedent directly on point, the Court deems that it must act legislatively to "announce" a new procedure, overrule or modify a prior opinion,
 
 State v. Nichols
 
 ,
 
 1997 ME 178
 
 , ¶¶ 4-5,
 
 698 A.2d 521
 
 , and, without any rulemaking, in effect amend M.R.U. Crim. P. 33. The Court takes these actions to "afford[ ] a defendant fundamental fairness by allowing an ineffective assistance claim in the context of a probation revocation proceeding to be heard, and ... provide[ ] us with a fully-developed evidentiary record, similar to that resulting from a post-conviction review hearing, on which to consider such a claim." Court's Opinion ¶ 15 (citation omitted).
 

 [¶24] I do not concur with the Court's analysis that we must create and announce a new process to provide the evidentiary hearing sought on the petitioner's claim of ineffective assistance of counsel in a probation revocation proceeding.
 

 [¶25] The post-conviction review statute states that a "revocation of probation," although it may impose a restraint on an individual, is not a "[p]ost-sentencing proceeding." 15 M.R.S. § 2121(2) (2018). Thus, by statute, the post-conviction review process, which is, "except for direct appeals from a criminal judgment, [the] exclusive method of review ... of post-sentencing proceedings," 15 M.R.S. § 2122 (2018), appears, at least superficially, to not be available to provide the petitioner a remedy in this case. However, and as we noted in
 
 Kimball
 
 , section 2122 further states that the post-conviction review chapter must be "construed to provide ... relief for those persons required to use this chapter as is required by the Constitution of Maine, [a]rticle I, [s]ection 10."
 
 Kimball
 
 ,
 
 490 A.2d at 659
 
 .
 

 [¶26] Where the writ of habeas corpus was available pursuant to article I, section 10 to protect fundamental rights, the rule of construction stated in section 2122 indicates that habeas corpus relief remains available and could not be eliminated by enactment of the post-conviction review laws.
 
 Kimball
 
 , our 1961
 
 Opinion of the Justices
 
 , and the post-conviction statute's own rule of construction require that the post-conviction review statutes be interpreted to provide the trial courts with a residue of authority to conduct an evidentiary hearing in the nature of a habeas corpus proceeding. This authority is preserved by Me. Const. article I, section 10, when an individual may be subject to restraint and ineffective assistance of counsel is alleged to have occurred in a probation revocation proceeding. No specific rule need be referenced to provide the petitioner such an evidentiary hearing, nor any
 new process need be announced; the process is available as a matter of constitutional right, and has been for 200 years.
 

 [¶27] Because the trial court summarily dismissed Petgrave's petition, apparently without recognizing its residual authority to afford Petgrave an evidentiary hearing in the nature of a habeas corpus proceeding, the trial court may have erred. However, because Petgrave's petition failed to allege a prima facie case of ineffective assistance of counsel, any error by the trial court was harmless. Thus, I concur with the Court that we should affirm the trial court's judgment.
 

 [¶28] Standards for determining whether effective assistance of counsel was provided at a hearing apply the two-part test articulated by the United States Supreme Court in
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 687,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984). This test requires the claimant to prove that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that the end result of the criminal process would have been more favorable but for the defense counsel's deficient performance.
 
 See
 

 Missouri v. Frye
 
 ,
 
 566 U.S. 134
 
 , 147,
 
 132 S.Ct. 1399
 
 ,
 
 182 L.Ed.2d 379
 
 (2012) ;
 
 Strickland
 
 ,
 
 466 U.S. at 687
 
 ,
 
 104 S.Ct. 2052
 
 .
 

 [¶29] We have applied this test to evaluate ineffective assistance claims arising from criminal trials,
 
 Fahnley v. State
 
 ,
 
 2018 ME 92
 
 , ¶ 17,
 
 188 A.3d 871
 
 ; involuntary commitment proceedings,
 
 In re Henry B.
 
 ,
 
 2017 ME 72
 
 , ¶ 9,
 
 159 A.3d 824
 
 ; and proceedings to terminate parental rights,
 
 In re M.P.
 
 ,
 
 2015 ME 138
 
 , ¶ 26,
 
 126 A.3d 718
 
 . We have noted, "The
 
 Strickland
 
 standard is known to the bar and the bench, and
 
 Strickland
 
 carries with it a developing body of case law, which will aid courts in the efficient and timely resolution of such claims."
 
 In re M.P.
 
 ,
 
 2015 ME 138
 
 , ¶ 26,
 
 126 A.3d 718
 
 ;
 
 see also
 

 In re Henry B.
 
 ,
 
 2017 ME 72
 
 , ¶ 8,
 
 159 A.3d 824
 
 ("
 
 Strickland
 
 is a well-known and developing standard.").
 

 [¶30] The Court's opinion accurately states the bare bones nature of Petgrave's petition asserting ineffective assistance of counsel: "Petgrave, with new counsel, filed a petition for post-conviction review in the trial court alleging that his counsel had been ineffective at the revocation hearing in failing to call unspecified witnesses and in 'fail[ing] to present a proper defense.' " Court's Opinion ¶ 5 (alteration in original). Nowhere in Petgrave's petition is there any suggestion as to who the "unspecified" witnesses might be, what testimony they might have offered, or how prior counsel failed to present a "proper defense."
 

 [¶31] The
 
 Strickland
 
 standards, as we articulated them in
 
 Fahnley
 
 ,
 
 2018 ME 92
 
 , ¶ 17,
 
 188 A.3d 871
 
 , require a finding that the "errors of counsel actually had an adverse effect on the defense." Petgrave's bare bones petition failed to articulate a prima facie case even for this minimal "adverse effect on the defense" standard. Had the trial court not summarily dismissed Petgrave's petition for the reasons it did, it would have been required to dismiss the petition for failure to demonstrate a prima facie claim of ineffective assistance of counsel. Thus, even if the trial court erred in denying Petgrave the opportunity for an evidentiary hearing on his ineffective assistance claim, the error, if any, was harmless.
 

 [¶32] An error is harmless when the error did not result in substantial injustice or affect substantial rights, M.R.U. Crim. P. 52(a), or "if it is highly probable that the error did not affect the judgment."
 
 State v. Guyette
 
 ,
 
 2012 ME 9
 
 , ¶ 19,
 
 36 A.3d 916
 
 ;
 
 see also
 

 Williams v. United States
 
 ,
 
 503 U.S. 193
 
 , 203,
 
 112 S.Ct. 1112
 
 ,
 
 117 L.Ed.2d 341
 
 (1992). Nothing in the record
 before us suggests what an acceptably skilled counsel might have done differently to alter the result of the probation revocation hearing.
 

 [¶33] Because the trial court did not reach the merits in dismissing Petgrave's petition, its ruling, affirmed in this appeal, does not bar a subsequent petition, if a petition can be filed that articulates a prima facie claim meeting the
 
 Strickland
 
 standards. Accordingly, I concur in the Court's affording the petitioner another opportunity to file and have an evidentiary hearing on a proper petition.
 

 The present post-conviction review statute, 15 M.R.S. §§ 2121 -2132 (2018) was originally enacted in 1980 by P.L. 1979, ch. 701, § 15 (effective July 3, 1980).
 

 In
 
 Manley v. State
 
 ,
 
 2015 ME 117
 
 , ¶ 18,
 
 123 A.3d 219
 
 , we suggested that
 
 Kimball
 
 , and other opinions, may have too narrowly construed the two-part ineffective assistance of counsel test articulated in
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 687,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 (1984). However, we have never suggested that
 
 Kimball's
 
 application of art. I, § 10 of the Maine Constitution does not remain good law.