MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2019 ME 79
Docket:      Pen-18-11
Argued:      December 12, 2018
Decided:     May 23, 2019

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JAY K. GOULD

v.

STATE OF MAINE

MEAD, J.

[¶1]  In May 2017, the State moved to revoke Jay K. Gould's probation, which had been imposed as part of his 2014 sentence for aggravated operating after habitual offender revocation (Class C), 29-A M.R.S. § 2558(2)(C) (2018). At a hearing, Gould admitted that he had violated his probation, and the trial court (Penobscot County, *A. Murray, J.*) ordered that he serve twenty-eight months' incarceration, with probation to terminate.  Gould did not take a direct appeal from the court's judgment.  *See* 17-A M.R.S. § 1207(1) (2018).

[¶2]  In November 2017, Gould filed a petition for post-conviction review in the trial court asserting that he had received ineffective assistance of counsel at the probation revocation hearing.  *See* 15 M.R.S. § 2129(1) (2018).  The court (*Anderson, J.*) summarily dismissed the petition because the post-conviction

2

review process is available to review "post-sentencing proceedings," 15 M.R.S. § 2122 (2018), but a revocation of probation is, by statute, not a "post-sentencing proceeding," 15 M.R.S. § 2121(2) (2018). Gould filed an application to appeal the dismissal of his petition, and we granted a certificate of probable cause. M.R. App. P. 19(a)(2)(F).

[¶3] Gould contends that (1) he had a right to the effective assistance of counsel at the revocation hearing, and (2) "the post-conviction statute must authorize a process" through which "deprivation of that right can be litigated." We agree with Gould's first contention. *See Petgrave v. State*, 2019 ME 72, ¶ 6, --- A.3d ---. Concerning the second, although we conclude that the trial court did not err in dismissing Gould's petition seeking post-conviction review, *see id.* ¶ 9, we recently announced in *Petgrave* a procedure by which a defendant who contends that he or she received ineffective assistance of counsel at a probation revocation hearing may pursue that claim by filing a properly supported motion for a new trial pursuant to M.R.U. Crim. P. 33. *Id.* ¶¶ 14-16. Accordingly, Gould may file a motion for a new revocation hearing in the trial court complying with that procedure within thirty-five days following the entry of our mandate. *See id.* ¶ 17.

The entry is:

> Judgment summarily dismissing petition for post-conviction review affirmed. Gould may file a motion for a new probation revocation hearing in the trial court within thirty-five days of the issuance of our mandate.

---

Rory A. McNamara, Esq. (orally), Drake Law, LLC, Berwick, for appellant Jay K. Gould

R. Christopher Almy, District Attorney, and Mark A. Rucci, Asst. Dist. Atty. (orally), Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot Unified Criminal Docket docket number CR-2017-4423
FOR CLERK REFERENCE ONLY