MAINE SUPREME JUDICIAL COURT                                      Reporter of Decisions
Decision:     2025 ME 98
Docket:       Ken-24-341
Argued:       October 7, 2025
Decided:      December 23, 2025

Panel:        STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, and DOUGLAS, JJ.

STATE OF MAINE

v.

DENIS LEMIEUX

MEAD, J.

[¶1]  Denis Lemieux appeals from a revocation of his probation by the trial court (Kennebec County, *Lipez, J.*), claiming that his underlying conviction is void.  We do not reach the validity of the underlying conviction because we affirm the trial court's ruling that a defendant cannot use a probation revocation proceeding to collaterally attack an underlying conviction.

## I.  BACKGROUND

[¶2]   On October 17, 2023, the trial court (Kennebec County, *Daniel Mitchell, J.*) entered a judgment of conviction after Denis Lemieux pleaded guilty to domestic violence terrorizing (Class C), 17-A M.R.S. § 210-B(1)(B)(1) (2025).

[¶3]  The court sentenced Lemieux to three years of incarceration, with all but eight months suspended, and probation.  The probation conditions included, among other things, that Lemieux refrain from all criminal conduct, obtain permission before moving, and not have contact of any kind with three named family members.

[¶4]  On February 5, 2024, the State filed a motion to revoke Lemieux's probation, alleging that Lemieux made several threatening statements on social media about two of the family members whom he was prohibited from contacting.  On June 3, 2024, the court (*Lipez, J.*) held a hearing on the State's motion.  The court found by a preponderance of the evidence that Lemieux's social media statements constituted direct and indirect contact with the family members in violation of protection orders and his probation conditions.  In addition, the court found by a preponderance of the evidence that Lemieux inexcusably failed to comply with probation conditions regarding substance use evaluation and counseling, psychological evaluation and counseling, and notifying probation before moving.  Accordingly, the court partially revoked Lemieux's probation .

[¶5]   After the hearing, the court received briefing regarding the appropriate sanction and held a sentencing hearing.  Lemieux argued that the

court should address whether the terrorizing statute under which he was convicted was constitutional in light of a recent United States Supreme Court decision. Lemieux contended that if the underlying conviction is unconstitutional, the probation court should "treat the motion for probation violation as if it's missing the most core element," that is, "an underlying conviction and a valid sentence."

[¶6] The court concluded that it could not address the collateral attack during the probation-revocation proceeding because the proper avenue for challenging the constitutionality of the underlying conviction is through post-conviction review. The court sentenced Lemieux to serve eighteen months of the suspended portion of his sentence. Lemieux filed a motion for further findings, which the court denied. Lemieux timely filed an appeal of his probation revocation pursuant to 17-A M.R.S. § 1813 (2025). On January 30, 2025, we granted a certificate of probable cause permitting full appellate review.

## II. DISCUSSION

[¶7] Lemieux argues that before revoking his probation, the court should have examined the constitutionality of the statute under which he was convicted. The State contends that a review of the statute's constitutionality

4

was unavailable because the only means of collaterally attacking a conviction is through the post-conviction-review process. The State acknowledges that we have expanded relief in circumstances where a defendant has asserted ineffective assistance of counsel at probation-revocation proceedings. *See Petgrave v. State*, 2019 ME 72, 208 A.3d 371.

[¶8] Lemieux asserts that authorities prohibiting contesting the validity of a judgment during a post-conviction proceeding are not applicable to his circumstances because "the facial [un]constitutionality of a statute renders the court without jurisdiction to impose further sanction." Lemieux argues further that *Petgrave* supports his claim that the trial court can consider the constitutionality of an underlying conviction at a probation-revocation hearing because his claim involves an assertion of a violation of a fundamental right. *See id.*

[¶9] We review an order revoking probation for an abuse of discretion. *Spinney v. State*, 2017 ME 9, ¶ 10, 154 A.3d 138. We have consistently held that post-conviction review is the exclusive avenue, besides a direct appeal, for challenging an underlying judgment.[1] *See State v. Loi Ngo*, 2007 ME 2, ¶ 4, 912

---

[1] There is considerable federal jurisprudence surrounding this issue. *See United States v. Francischine*, 512 F.2d 827, 828 (5th Cir. 1975) ("[T]he underlying validity of a conviction cannot be asserted as a defense in a probation revocation proceeding [but the conviction] may be collaterally attacked . . . in a separate proceeding . . . ."); *United States v. Castro-Verdugo,* 750 F.3d 1065, 1068

A.2d 1224 ("[T]he post-conviction review process is the exclusive means for judicial review."); *State v. Trott*, 2004 ME 15, ¶ 8, 841 A.2d 789 ("[E]xcept for direct appeals from a criminal judgment[,] the statutory [post-conviction-review process is] the exclusive method of review of . . . criminal judgments." (quotations omitted)).

[¶10]  In 2012, we held that a defendant may not collaterally attack a prior conviction used for sentence enhancement by claiming that the underlying guilty plea leading to the prior conviction was not based on an effective waiver. *State v. Johnson*, 2012 ME 39, ¶ 23, 38 A.3d 1270. We reasoned that "[a]llowing a collateral attack in cases like [that one] would provide convicted defendants an incentive to forego a timely appeal or petition for post-conviction review, knowing that they will never lose the ability to challenge the validity of the conviction if, in the future, it is relied upon by the State to enhance a new criminal charge."  *Id.* ¶ 21.

---

(9th Cir. 2014) ("An appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence." (quoting *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993))); *United States v. Torrez-Flores*, 624 F.2d 776, 778–79 (7th Cir. 1980) ("[W]e hold that defendant may not collaterally attack his underlying conviction at a probation revocation hearing. . . .").

6

## A.    Petgrave

[¶11]   In *Petgrave,* we established a new procedure for a defendant asserting a claim of ineffective assistance of counsel in circumstances where no statutory procedure to enforce the right to counsel existed.  2019 ME 72, ¶ 1, 208 A.3d 371.  In that case, Jonathan Petgrave pleaded guilty to a charge of unlawful possession of a scheduled drug.  *Id.* ¶ 2.  Petgrave's sentence included two years of probation.  *Id.*

[¶12]   One year after sentencing, the State moved to revoke Petgrave's probation.  *Id.* ¶ 3.  After a hearing, the trial court revoked the probation.  *Id.* Petgrave, with new counsel, filed a petition for post-conviction review in the trial court, alleging that his counsel had been ineffective at the revocation hearing.  *Id.* ¶ 5.  The trial court concluded that the post-conviction-review process is unavailable in a probation-revocation proceeding and dismissed Petgrave's petition.  *Id.* ¶ 9; *see* 15 M.R.S. §§ 2121-2122 (2018).[2]  As a result, Petgrave's only available option to contest his probation revocation was to file a discretionary appeal to the Law Court.  *Petgrave,* 2019 ME 72, ¶ 10, 208 A.3d 371.

---

[2]  Title 15 M.R.S. § 2121 has since been amended, though not in any way that affects the present case.  *See* P.L. 2019, ch. 113, § C-37 (emergency, effective May 16, 2019) (codified at 15 M.R.S. § 2121(2) (2025)).

[¶13] Before Petgrave's appeal, we did not, in criminal cases, consider claims of ineffective assistance on direct appeal from convictions or probation revocations but considered such claims only on appeal from a post-conviction-review proceeding, Petgrave was therefore deprived of an opportunity to obtain an evidentiary hearing on his claim of ineffective assistance of counsel. *Id.; see State v. Nichols,* 1997 ME 178, ¶¶ 4-5, 698 A.2d 521. This led us to develop a procedure to allow a defendant to pursue a claim of ineffective assistance of counsel at a probation revocation hearing. *Petgrave,* 2019 ME 72, ¶ 15, 208 A.3d 371.

[¶14] Unlike Petgrave, Lemieux is not unable to assert his claim due to a lack of a statutory procedure. On the contrary, a post-conviction-review proceeding is the exact procedure to challenge a conviction that a defendant claims becomes void.[3] *See* 15 M.R.S. § 2122 (2025). "The fact that a party has not availed himself of the specified rule or statute in a proper and timely manner, or anticipates that the procedure may not provide complete relief or

---

[3] Prior to the probation-revocation hearing, Lemieux's counsel filed a petition for post-conviction review, arguing that the underlying conviction was unconstitutional. On April 24, 2024, the court denied the petition and asked counsel to follow procedures laid out in 15 M.R.S. § 2129 (2025) and Maine Rules of Unified Criminal Procedure 67 and 68. During oral arguments, Lemieux's counsel stated that the petition for post-conviction review has been stayed pending this appeal.

would be unconstitutional as applied, does not change the fact that a procedure has been made available." *Loi Ngo*, 2007 ME 2, ¶ 6, 912 A.2d 1224.

[¶15]  Given that a procedure exists, and remains available, for Lemieux to contest the validity of his underlying conviction, we see no reason to expand the methods available to him for relief.  As a result, the trial court did not abuse its discretion in determining that it was not required to consider the constitutionality of Lemieux's underlying conviction before revoking his probation.  The proper and exclusive mechanism for challenging an underlying conviction is through a petition for post-conviction review.

The entry is:

> Judgment of probation revocation affirmed.

---

Daniel Lawson, Esq. (orally), Capital Region Public Defender's Office, Augusta, for appellant Denis Lemieux

Maeghan Maloney, District Attorney, and Jacob Demosthenes, Asst. Dist. Atty. (orally), Office of the District Attorney, Augusta, for appellee State of Maine

Kennebec County Unified Criminal Docket docket number CR-2023-308